*E. V. Carter, Frank Carter,* for defendant.

---

### 7797. LEDBETTER v. GIBBS.

LUKE, J. 1. A landlord is not liable for injuries sustained by the tenant's wife because of the defective condition of certain steps, unless it be shown that the landlord had notice of the defective condition of the steps, and failed to repair within a reasonable time. Civil Code (1910), § 3694; *Ocean Steamship Co.* v. *Hamilton,* 112 *Ga.* 901 (38 S. E. 204); *Roach* v. *LeGree,* 18 *Ga. App.* 250 (89 S. E. 167).

2. When rented premises become out of repair it is the duty of the tenant to abstain from the use of that part of the premises, the use of which is attended with danger. It is his duty to use ordinary care; and if by the use of such care the consequences even of the defendant's negligence could have been avoided, he can not recover. Civil Code (1910), § 4426; *Bell* v. *Walsh,* 137 *Ga.* 350 (73 S. E. 585); *Stack* v. *Harris,* 111 *Ga.* 149 (36 S. E. 615); *Donehoe* v. *Crane,* 141 *Ga.* 224 (80 S. E. 712); *Alexander* v. *Owen,* 18 *Ga. App.* 326 (89 S. E. 437).

3. The notice to the landlord as testified to by the tenant was not such notice under the law as would call the landlord's attention to any defects in the steps which caused the plaintiff's alleged injury in May; and the court did not err in confining the jury to the issues raised as to the alleged injury of December, occasioned by the alleged defective condition of the porch.

4. The issues were fully and fairly submitted to the jury, and upon the questions of fact the jury found against the plaintiff. This verdict having the approval of the court, and there being no errors of law in the charge of the court or in the admission of evidence, the court did not err in overruling the motion for new trial.

*Judgment affirmed. Wade, C. J., and George, J., concur.*

DECIDED MARCH 16, 1917.

Action for damages; from city court of Savannah—Judge Davis Freeman. July 7, 1916.

*Robert L. Colding,* for plaintiff.

*U. H. McLaws, Adams & Adams,* for defendant.