20525. PARKER *v.* MILLER.

DECIDED JUNE 10, 1930.

*R. D. Feagin, P. J. Nelson,* for plaintiff.
*Miller & Lowrey,* for defendant.

LUKE, J. Ernest Parker brought action for damages against his landlord, Dr. G. T. Miller, alleging that he was seriously injured by falling through a defective porch of the rented premises. The sole question presented for decision is whether the trial judge erred in sustaining a general demurrer to the petition.

After alleging venue, injury, damages, and tenancy, the petition proceeds as follows:

"The house was a double house, petitioner occupying the south side of said house, and the house had a porch running across the entire front, the floor of the porch being about four and one half feet above the ground. There was one pair of steps leading up from

the ground to the centre of the porch, and there was no other way for petitioner to enter said house except to ascend these steps and walk across the porch to his front door. The floor, joist and sills of said porch were in need of repair. The floor would shake and give when petitioner would walk across it, and though petitioner did not know of the dangerous condition of said porch at the time, the sills and supports under the floor of said porch were weak, defective, and rotten, and were insufficient to stand the strain of ordinary use, and petitioner could not by the exercise of ordinary care and diligence have discovered this fact, though a proper inspection of the same by the landlord would have disclosed same." "Petitioner, on the first Monday in June, 1929, reported to Mr. Washington Dessau, . . the renting agent of the landlord, that the porch was shaky and in need of repairs, and Mr. Dessau promised at once to send a man out and fix it, but failed to do so. . . On the night of August 23, 1929, petitioner . . ascended the steps of said porch and started to walk across the porch into his house, when the joist, or sill, under said porch broke and gave way, and the plank above said joist broke through with petitioner, and petitioner was precipitated through said hole occasioned by the plank and joint breaking, and fell through the hole with his entire right leg to the hip," and was injured in designated ways. "Petitioner was free from fault," and "could not have avoided the consequences of defendant's negligence by the exercise of ordinary care and diligence. . . Petitioner alleges that the acts of negligence . . which were the proximate cause of defendant's [?] injuries were: 1. That the defendant failed to inspect the porch of said house, the joist, sills, and underpinning thereof, which he was in duty bound to do, and failed to keep the same in a reasonably safe condition, sufficiently strong and secure to withstand the strain of ordinary use. 2. That after petitioner reported to the defendant's renting agent that the porch was shaky and in need of repairs, and after the renting agent had promised to repair the same, it was negligence on the part of the defendant that he failed to make said repairs within a reasonable time. 3. That the defendant allowed the flooring, sills, joist and underpinning of the porch of said house to become weak, defective, rotten, and insufficient to withstand the strain of ordinary use, and maintained the same in

such condition after notice thereof, and failed to make the necessary repairs remedying said defects within a reasonable time."

In the leading case of *Slack* v. *Harris*, 111 *Ga*. 149 (36 S. E. 615), relied on by the plaintiff in error, the floor was out of repair in different places, but portions of it seemed sound and in good condition, and the plaintiff was using a part which seemed to be sound when he was injured. The court held that the tenant had the right to use those parts of the premises which were apparently in good condition, *if there was nothing to call his attention to any hidden defect,* but that it was the duty of the tenant *"to abstain from using any part of the premises the use of which would be attended with danger."* (Italics ours.) In *Roach* v. *LeGree,* 18 *Ga. App.* 250 (89 S. E. 167), another case cited by plaintiff in error, the defect which actually caused the injury was in a portion of the floor which was apparently safe.

In the case at bar, the plaintiff notified the defendant's agent in June, 1929, "that the porch was shaky and in need of repairs." Certainly, from that time he knew that the floor "would shake and give when the petitioner would walk across it." There is no allegation that any part of the porch was free from the defects alleged, or that any part of it appeared to be safe. Construing the petition most strongly against the pleader, the entire porch "would shake and give." If an entire porch shakes from ordinary use, there is something wrong with it. If it "gives" when a person walks on it, there must be something radically wrong with the underpinning. The floor was four and a half feet above the ground, and there is no fact pleaded to indicate that the plaintiff could not easily have ascertained the dangerous condition of the underpinning of the porch by a casual inspection thereof. Of course, the general allegation that the plaintiff was free from fault and could not have avoided the consequences of the defendant's negligence must yield to the pleaded facts. *Ball* v. *Walsh,* 137 *Ga.* 350 (1-c) (73 S. E. 585); *Donehoe* v. *Crane,* 141 *Ga.* 224, 226 (80 S. E. 712).

The rule of law which we think controls the case at bar is laid down in the Civil Code (1910), § 4426, in this language: "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." In this connection, see *Ball* v. *Walsh, Donehoe* v. *Crane,*

supra; *Ledbetter* v. *Gibbs,* 19 *Ga. App.* 485 (2) (91 S. E. 875). The recent case of *Jackson* v. *Davis,* 39 *Ga. App.* 621 (147 S. E. 913), very closely resembles the case at bar, and, we think, controls it. In holding that the trial court properly sustained the general demurrer in the *Jackson* case, the court said that it affirmatively appeared that the injury sustained by the plaintiff was the result of his own failure to exercise ordinary care for his safety. The same is true in the case at bar, and the court did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*