26081. GALLOVITCH *v.* ELLIS *et al.*

DECIDED MAY 15, 1937.

*Emanuel Kronstadt,* for plaintiff.

*McLaws, McLaws & Brennan,* for defendant.

SUTTON, J. 1. Where it appears from a petition that the negligence alleged against the defendant was not the proximate and effective cause of the alleged injury, a demurrer to such petition should be sustained. "The most generally accepted theory of causation is that of natural and probable consequences (*Mayor &c. of Macon* v. *Dykes,* 103 *Ga.* 847, 848, 31 S. E. 443); and in order to hold the defendant liable, the petition must show either that the act complained of was the sole occasion of the injury, or that it put in operation other causal forces, such as were the direct, natural, and probable consequences of the original act, or that the intervening agency could have reasonably been anticipated or foreseen by the original wrongdoer." *Gillespie* v. *Andrews,* 27 *Ga. App.* 509, 510 (108 S. E. 906); *Hardwick* v. *Figgers,* 26 *Ga. App.* 494 (106 S. E. 738); *Georgia Power Co.* v. *Kinard,* 47 *Ga. App.* 483, 486 (170 S. E. 688); *Southern Ry. Co.* v. *Webb,* 116 *Ga.* 152 (42 S. E. 395, 59 L. R. A. 109).

2. "In a suit for damages, where it appears upon the face of the plaintiff's petition that there intervened between the alleged negligence of the defendant and the damage sustained by the plaintiff the independent criminal act of a third person, which was the direct and proximate cause of the damage, the petition should be dismissed on general demurrer." *Andrews* v. *Kinsel,* 114 *Ga.* 390 (2) (40 S. E. 300, 88 Am. St. R. 25); *Bowers* v. *Southern Railway Co.,* 10 *Ga. App.* 367 (3) (73 S. E. 677); Strong *v.* Granite Furniture Co., 78 A. L. R. 465, 472, and cit.

3. Where rented premises are defective and unsafe, it is the duty of the tenant to notify the landlord, and to refrain from using that portion of the premises the use of which is attended with danger. *Jackson* v. *Davis,* 39 *Ga. App.* 621 (147 S. E. 913); *Yancey* v. *Peters,* 49 *Ga. App.* 128 (174 S. E. 182); *Ball* v. *Walsh,*

137 *Ga.* 350 (73 S. E. 585); *Donehoe* v. *Crane, 141 *Ga.* 224 (80 S. E. 712).

4. Applying the foregoing principles of law to the allegations of the plaintiff's petition, the same failed to set forth a cause of action that would authorize a recovery by the plaintiff, and the judge properly sustained the general demurrer. The allegations of the petition were that the defendants were the owners of certain described premises in the City of Savannah, which the plaintiff and her husband occupied as tenants; that early one morning, while the plaintiff was alone in her home, she was awakened from her sleep by a burglar who had entered the premises and was attempting to enter her bedroom by the only door of said bedroom; that she became alarmed, frightened, and panicky, and instinctively ran to the window of said room, raised the window, leaned out, resting on the window-sill, and began to cry and scream for help, and, in order to have her voice carry farther, leaned far out of the window, when the sill gave way under her weight, throwing her to the ground and on her arm, thereby breaking her arm in two places; that the window-sill was constructed of a piece of lumber two inches in thickness by six inches in width, and was rotten and in dire need of repairs or replacement; that the defective condition of the premises, and particularly the rotten condition of the window-sill, were well known to the defendants, in that the said condition and a demand for repairs were made to the defendants, and that more than a reasonable length of time had elapsed for necessary repairs to have been made after such notice; that if the window-sill had either been put in good repair or had been replaced by a new sill, it would have been more than sufficient to support the weight of the plaintiff when the emergency arose as set out; that the plaintiff was free from fault, and in no way contributed to the injuries she received; that her use of the window was occasioned by her frightened and panicky condition or state of mind resulting from the attempt of the burglar to enter her bedroom while she was alone in the early hours of the day, and that her conduct in so doing was not that of a rational person, but the natural and unintentional reaction of a woman under such circumstances; and that because of the same the rule of law that the tenant must desist from using defective parts of the premises is not applicable, in that the plaintiff was not conscious of the

defective sill because of her fright when she used the same as aforesaid.

*Judgment affirmed. Felton, J., concurs. Stephens, P. J., dissents.*