39902.   FINCHER v. FOX.

696

DECIDED APRIL 8, 1963—REHEARING DENIED MAY 1, 1963.

*Levy & Stonecypher, Jean Wm. Levy,* for plaintiff in error.

*Hurt, Baird & Peek, Joe C. Freeman, Jr., Paul M. Hawkins,* contra.

RUSSELL, Judge. ■ It is first argued that the formation of the ice on the driveway occurred without any negligence on the part of the defendant due to natural weather conditions and that the defendant cannot be held liable, even though as landlord he had a duty to keep the premises safe for tenants and their invitees (*Code* § 105-401) and to keep the premises and approaches in good repair. *Code* § 61-112; *Smith v. Jewell Cotton Mill Co.,* 29 Ga. App. 461 (2) (116 SE 17). The contention raises the question of whether or not there is a duty on a landlord implicit in his general duty to keep the premises in repair to remove temporary accumulations of nature such as rain water, ice and snow. In *Netherland v. Pacific Employers Ins. Co.,* 101 Ga. App. 837, 841 (115 SE2d 122) this court begged the question, holding that there was involved not only ice which had recently formed but a slippery condition caused by soil erosion and accumulation of mud over a period of time. Likewise, in *Wasserman v. Southland Investment Corp.,* 105 Ga. App. 420 (124 SE2d 674) there was involved not only natural ice, but ice due to the negligent manner in which the defendant landlord had attempted to clear the approaches to the apartment house. There is a divergence of opinion in other jurisdictions as to whether a duty rests upon the landlord under common-law principles to remove artificial and temporary accumulations of this nature which is the subject of an exhaustive discussion in

26 ALR2d 610 et seq., and from which it appears that Indiana, Maine, Massachusetts, New York (on occasion) and Ohio have followed the rule that generally no such duty exists, whereas Connecticut, the District of Columbia, New Hampshire, New Jersey, later New York cases, Ohio and Oregon tend to judge the duty under general applicable principles of negligence and to base the decision upon whether or not the landlord has used reasonable care to keep the approaches reasonably safe after notice of the condition and a reasonable opportunity to correct it. See also Grizzell v. Foxx, 48 Tenn. App. 448 (348 SW2d 815). This would seem to be more in accord with Georgia law, where generally the duty as interpreted by legal decisions over a period of years remains constant and the yardstick furnished by decided cases may be applied although the situation is a new one, as for example applying applicable principles of automobile negligence law to a tort action involving negligence in operating an airplane. *Sammons v. Webb*, 86 Ga. App. 382 (71 SE2d 832). This principle is regularly followed in determining negligence of an owner to invitees involving natural and temporary accumulations of rain water. *Hill v. Davison-Paxon Co.*, 80 Ga. App. 840 (57 SE2d 680). An act of God is one which occurs by reason of inevitable natural forces unaffected by human agency (*Code* § 102-103), and the fact that the accumulation of the ice here was an act of God does not preclude examination into the question of whether or not the defendant was negligent in failing to take remedial action. This ground of the motion for summary judgment is without merit.

■ A landlord is not an insurer of the safety of his tenants. Liability results only from his failure to exercise ordinary care to make repairs after notice to him of the defective condition coupled with a failure to repair within a reasonable time. *Ledbetter v. Gibbs*, 19 Ga. App. 485 (1) (91 SE 875); *Rothschild v. First Nat. Bank*, 54 Ga. App. 486 (188 SE 301); *Dickey v. Suggs*, 90 Ga. App. 124 (82 SE2d 24); *Huey v. Nix*, 94 Ga. App. 498 (95 SE2d 339). "In order for the landlord to be liable it must appear that notice of the defective and unsafe condition of the premises had been given to him, and a reasonable opportunity afforded him to repair the defective condition; or it must

appear that the landlord otherwise had knowledge of the defect in the premises that caused the tenant to receive personal injuries." *Upchurch v. Coggins,* 70 Ga. App. 205, 206 (27 SE2d 869). The notice may be actual or constructive, but, if the latter, it must be shown to have existed for such a length of time, or under such circumstances as to put the owner of the building on notice before he will be liable for resulting injuries. *Lupion v. Blass,* 101 Ga. App. 264 (113 SE2d 413). Usually, what is a reasonable time is a jury question. In the present case the allegation is that the landlord "Knew or should have known" of the dangerous condition, which amounts to only constructive notice. *Doyal v. Russell,* 183 Ga. 518 (189 SE 32). Neither in the pleadings nor in the affidavit is it shown that the adverse weather conditions were so widespread as to place the landlord on notice of the icy condition of this driveway. The bulk of the ice did not form until after sundown of the day in question, and the plaintiff was injured shortly before midnight. It appears that there was snow at an office building where the plaintiff went on the morning of that day, and in front of a nearby apartment house which he visited after working hours. It does not appear whether weather conditions were such that the snow which fell on the driveway the night before and which was not sufficient to obstruct it the next morning might reasonably have been expected to turn to ice, or that other parts of the city generally were in the grip of an ice storm. The ice formation took place after the close of the working day at a time when it might well be impossible to obtain service for its removal; as a matter of fact it is inferable that the defendant lived in an adjoining county and the apartment house was in charge of a real estate company which presumably had closed for the day at the time the dangerous condition commenced to form. It thus appears both that there was no actual notice or knowledge on the part of the landlord and no sufficient factual averments to predicate a recovery on the ground of implied notice. Cf. *Jones v. West End Theatre Co.,* 94 Ga. App. 299 (94 SE2d 135). In Allan v. Essanee, Inc., 309 Mass. 1 (33 NE2d 271), a verdict for the plaintiff was reversed for lack of a sufficient time interval to charge the defendant with construc-

tive notice and an opportunity to remedy the condition where, although there was testimony that it had snowed and frozen two days before and there had been a slight thaw the day before, there was no testimony as to ice other than on the morning of the accident. The same result was reached in Gianpaola v. Paoli, 129 NYS 180, where there was testimony that sleet and freezing rain had fallen for a period of two days before the plaintiff slipped on an accumulation of snow and ice. The facts here are insufficient to present a jury question on the alleged defective maintenance of the premises by the defendant where the condition had existed for less than six hours during the evening and night and no actual notice was given by the tenant or acquired by the landlord or his agent.

The trial court did not err in granting the defendant's motion for summary judgment.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*