#### 42605. SOMERS v. TRIBBLE et al.

Deen, Judge. This is an appeal by the plaintiff, a tenant of rented premises injured by the collapse of a porch floor, from

the grant of a summary judgment in favor of one of the defendants, Georgia Power Company. Agents of the latter were delivering a washing machine purchased by the plaintiff at the time, and accordingly were her invitees. *Morris v. Deraney,* 68 Ga. App. 308, 310 (22 SE2d 860); *Nabors v. Atlanta Biltmore Corp.,* 77 Ga. App. 730 (49 SE2d 688). This is therefore the rather unusual case of an occupier of premises, upon whom rests the duty of exercising ordinary care to keep them safe for invitees (*Code* § 105-401) seeking recovery against an invitee who failed to discover and avoid the danger inherent in the defect, although an invitee may usually rely upon the discharge of this duty by the occupier. *Lane Drug Stores v. Brooks,* 70 Ga. App. 878, 884 (29 SE2d 716). The plaintiff's affidavit establishes that the front porch was floored with 2-inch wood planks running from concrete steps to the front door; that it appeared sound but in need of paint; that she had ordered the electric appliance and there was no other way of bringing it into the house; that there was nothing to put her on notice that the planks were deteriorated, and a heavier object, a refrigerator, had been brought in the day before. She stood on the porch watching three of the defendant's employees bring the appliance up the steps on a hand cart. The wheels, striking the unsupported overhang of two of the floor boards on the step side of the outer porch retaining wall, crumbled their edges. The dolly was repositioned on the top step and again raised to the porch, was rolled toward the door on the other side of the retaining wall, and the flooring then gave way under the weight.

In her deposition the plaintiff described the incident as follows: "They had the machine on one of the hand carts, bring it up the steps, and then they brought it up to the porch. That's when the boards, the end of the boards of the porch cracked off, and they waited a second and brought it back up. That's when the other boards broke." She further testified that until the boards broke with the machine she noticed nothing wrong with the porch. "Q. What do you think [these] men did wrong in delivering this machine? A. I don't know what they did wrong, but don't you think they should have checked the porch or should have checked the premises to bring it on? Q. Did it look all right to you? A. Yes, it looked fine to me. Q. Well, aside from checking the premises, was there anything about the delivery of this washing

machine or dryer or whatever it was that you would have done differently if you had been doing it? A. Probably not."

Knowledge that one part of a floor is defective is not necessarily knowledge that an adjacent part is also defective. *Shaddix v. Eberhart*, 55 Ga. App. 498 (1) (190 SE 408). Even had the knowledge that the weathered and unsupported board ends crumbled under the weight of the cart wheels been sufficient to put the defendant's employees on notice that another part of the interior supported porch floor might also be defective, it affirmatively appears that mere visual inspection of the porch floor would not have disclosed this, since the plaintiff testified that she had examined it and found nothing defective or unsteady. Under these circumstances the defendant had a right to rely on the duty of the owner and the occupier of the premises to keep them in repair. The failure of this defendant to discover and avoid this latent defect was not actionable negligence as to this plaintiff, and the trial court properly granted the motion for summary judgment.

*Judgment affirmed. Frankum, P. J., and Quillian, J., concur.*

ARGUED FEBRUARY 8, 1967—DECIDED FEBRUARY 23, 1967.

*Nall, Miller, Cadenhead & Dennis, Lynn A. Downey, Baxter L. Davis,* for appellant.

*Long, Weinberg & Ansley, Ben L. Weinberg, Jr., Smith, Cohen, Ringel, Kohler, Martin & Lowe, Warren Fortson,* for appellees.