44330, 44331.  HERRINGTON v. STONE MOUNTAIN MEMORIAL ASSOCIATION (two cases).

ARGUED MARCH 3, 1969—DECIDED APRIL 11, 1969— REHEARING DENIED MAY 13, 1969—

*J. H. Highsmith, Cullen M. Ward, Frank M. Eldridge,* for appellants.

*Troutman, Sams, Schroder & Lockerman, Robert L. Pennington, Henning, Chambers, Mabry & Crichton, Eugene P. Chambers, Jr.,* for appellee.

Felton, Chief Judge. "Only in clear and palpable cases, where it appears that one recklessly tests an observed and clearly obvious peril, or voluntarily assumes a position of imminent danger, will he be barred from recovery as a matter of law; otherwise, the question of what negligence, as well as whose negligence is responsible for the injury is a jury question. [citations]." *Beck v. Wade,* 100 Ga. App. 79, 83 (110 SE2d 43). On the motion for summary judgment the burden was on the defendant movant to produce evidence which *conclusively* eliminated all issues in the case, even those issues upon which the opposing parties plaintiff would have the trial burden, and the latter are given the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence, with the movant's papers being carefully scrutinized, while the plaintiffs' papers are treated with considerable indulgence. *Colonial Stores, Inc. v. Turner,* 117 Ga. App. 331, 333 (160 SE2d 672), and cit.; *Peacock v. Adams,* 118 Ga. App. 728 (1) (165 SE2d 664).

"The true ground of liability of the owner or occupant of property to an invitee who is injured thereon is the superior knowledge of the proprietor of the existence of a condition that may subject the invitee to an unreasonable risk of harm." *Gibson v. Consolidated Credit Corp.,* 110 Ga. App. 170 (2a) (138 SE2d 77). "The presumption of the law is that the owner of a lot is acquainted with the condition of his own property, if a natural person, and if an artificial one, that it has such knowledge through its agents and employees." *Nelson v. Central R. &c. Co.,* 48 Ga. 152. There is ample evidence that the rock surface of the mountain is smooth and slippery enough, especially in the rain, to cause persons walking thereon to fall. The defendant is presumed to be aware of this condition. Although the plaintiff wife could not state positively that she fell because of the slippery condition because the trauma of her injury

blocked her memory, this theory of causation is supported by the circumstantial evidence.

It is contended that the plaintiffs had equal knowledge of the dangerous condition, both by their common knowledge of certain laws of nature and their observations during their ascent of the mountain, including the absence of a handrail. Mere knowledge of a defect, however, even though patent, is not equivalent to the knowledge or comprehension of the risk or danger involved, the plaintiff's knowledge thereof or lack of it being a jury question. *Burns v. Great A. & P. Tea Co.*, 105 Ga. App. 823 (125 SE2d 687); *Scott v. Rich's, Inc.*, 47 Ga. App. 548, 551 (171 SE 201); *Glover v. City Council of Augusta*, 83 Ga. App. 314, 316 (63 SE2d 422). "An invitee is not obliged to inspect the premises to discover latent defects nor even to observe all patent defects." *Lane Drug Stores v. Brooks*, 70 Ga. App. 878 (29 SE2d 716); *Misenhamer v. Pharr*, 99 Ga. App. 163, 166 (107 SE2d 875). A plaintiff is not required to guard against possible or contingent calamity. *Western &c. R. Co. v. Ferguson*, 113 Ga. 708, 713 (39 SE 306, 54 LRA 802). Here, the plaintiff wife had never climbed a mountain previously and, therefore, could not be charged as a matter of law with the knowledge that it would be slippery when wet. Her observation of the surface as she climbed it while dry would not demand a finding that she must have such knowledge of its danger when it was subsequently wet. Nor was she chargeable as a matter of law with the duty to anticipate the sudden rainstorm in which she was caught, it appearing that the weather was clear as she began her ascent. This case is different, then, from one in which the plaintiff is aware of the weather conditions and still proceeds recklessly notwithstanding the danger. Here, the plaintiff wife and mother was trapped in a sudden, heavy rainstorm on the side of a steep, slippery mountain with her five-year-old boy and was forced to proceed down the mountain by the very fact of the weather conditions—out of the necessity to seek shelter from them for herself and her young child.

Furthermore, there was an issue of fact as to whether the defendant represented the path used by the plaintiffs to be a safe one for invitees' use. It is alleged that there was a white painted

line indicating the path. The defendant denied in its answer that it had painted the line, alleging it to have been done by some civic club prior to the defendant's assuming control over the mountain. A jury might still find, however, that the defendant's leaving the line intact might have misled invitees into assuming that the defendant was thus representing the path to be the customary and safe one. "An invitee need not choose the safest way across the owner's or proprietor's property. He may travel any way customarily used and reasonably safe." *Peacock v. Adams,* 118 Ga. App. 728 (2), supra. The defendant, being chargeable with the knowledge that invitees were customarily using this path, might have a correlative duty to make it reasonably safe for travel under foreseeable conditions, which certainly includes rainstorms. That this duty is recognized to an extent is shown by the fact that the defendant maintains a fence alongside the top of the steepest side of the mountain to prevent invitees from falling. Thus it appears that the mountain has not been left altogether in its natural and dangerous state, but has been somewhat modified for the safety, as well as the convenience and amusement of invitees.

Since the plaintiff wife did not have equal knowledge of the dangerous condition as a matter of law, then it might be found that the defendant was negligent, even if not in providing physical safety devices, in failing to warn her of such danger. *Code* § 105-401; *Lenkeit v. Chandler,* 97 Ga. App. 769, 770 (104 SE2d 476), and cit. Thus, there being no showing that the injured plaintiff was aware of the danger and since assumption of the risk presupposes a knowledge of the danger assumed (*Roberts v. King,* 102 Ga. App. 518, 521 (116 SE2d 885); *Herring v. R. L. Mathis Dairy Co.,* 118 Ga. App. 132, 139 (162 SE2d 863)), the plaintiffs are not precluded from recovering as a matter of law by assumption of the risk.

The court erred in granting summary judgment in favor of the defendant.

*Judgment reversed. Pannell and Quillian, JJ., concur.*