## 45303. YANKEY v. BATTLE.

BELL, Chief Judge. In this negligence action, the trial court denied defendant's motion for summary judgment and certified the denial for direct appeal.

Plaintiff was employed by the defendant as a domestic servant for a number of years prior to this accident. She testified at her deposition that she was required by defendant to use the basement to change her clothes and to use the restroom located therein. The basement was reached by means of a stairway with a handrail, illuminated by one light bulb, and operated by a switch at the top of the stairs. This light had on prior occasions become inoperative due to some unknown defect. Plaintiff also testified that on these prior occasions she informed the defendant of the defective light and received defendant's assurances that corrective action would be taken. On the day of the accident, plaintiff arrived at work. The stairway light was burning and she descended to the basement, changed her clothes and ascended the stairs. About an hour and a half later, plaintiff desiring to use the basement restroom discovered that the stairway light would not function. Believing that the bulb was burned out, she obtained a new one. She then started down the darkened stairs holding the handrail with one hand and the light bulb in the other. She missed a step and fell, suffering injuries. Defendant was not at home at the time but her daughter was present in the upper portion of the house.

One who voluntarily takes a risk of physical injury, the danger of which is so obvious that the act of taking the risk, in and of itself, amounts to a failure to exercise ordinary care and diligence for his own safety, cannot hold another liable. *Southland Butane Gas Co. v. Blackwell,* 211 Ga. 665 (88 SE2d 6). It is not in dispute that plaintiff knowingly entered the stairway while it was in a darkened condition. This is a clear and undisputable case of voluntary assumption of the risk which precludes any recovery by plaintiff. See *Mattox v. Atlanta Enterprises, Inc.,* 91 Ga. App. 847 (87 SE2d 432). Plaintiff's contention that she was "forced" to enter the stairwell because of the requirement that she use the basement restroom does not change the fact that

the sole proximate cause of her injury was her voluntarily entering the darkened passageway at the time in question. The trial court erred in not granting the defendant's motion for summary judgment.

*Judgment reversed with direction to enter judgment for defendant. Quillian and Whitman, JJ., concur.*

ARGUED MAY 4, 1970—DECIDED JUNE 29, 1970—
REHEARING DENIED JULY 24, 1970.

*Troutman, Sams, Schroder & Lockerman, T. M. Smith, Jr., Ellis C. Hooper,* for appellant.

*Morris, Etheridge, Redfern & Butler, Philip F. Etheridge,* for appellee.