## 49500. PHELPS v. CONSOLIDATED EQUITIES CORPORATION.

CLARK, Judge.

This appeal is by a plaintiff tenant of an apartment complex from the grant of a summary judgment motion for defendant landlord. Plaintiff sued her landlord alleging defendant's negligence to have been the cause of her sustaining injuries when she fell in the parking area during the Atlanta glacial ice storm of January 1973. We must decide if, as plaintiff contends, the record presents questions of negligence for determination by a jury, or if, as defendant asserts, the trial court's ruling was correct because there was no negligence by defendant under the special circumstances existing here or plaintiff's conduct in venturing into the area barred any right of recovery. Our record consists of the pleadings and three depositions. These consisted of cross examinations of plaintiff and of defendant's resident manager and maintenance manager.

Plaintiff's testimony was that the ice began to accumulate on Saturday, January 6, 1973 (both the resident manager and maintenance manager deny this assertion, insisting that the ice began to amass twenty-four hours later); that she called the resident manager Monday morning to suggest that sand be spread upon the driveways and other slick places in the complex; that on Monday afternoon she attempted to move her automobile closer to the apartment's parking lot entrance so she would be more likely able to drive to work on Tuesday morning; that she was unable to accomplish this task because the parking lot was very slick; and that as she walked back towards her apartment on the lot (which was covered with ice) she slipped and fell. The resident manager acknowledged the plaintiff telephoned her Monday morning to suggest sand be used to combat the ice and that she attempted to secure sand from two

companies which were located near the complex, but was unable to do so. The maintenance manager averred he sprinkled salt throughout a portion of the complex early Monday morning; but discontinued this undertaking because as a result of the low temperature, the melting ice would refreeze and create an even slicker surface; that therefore he did not salt the portion of the complex in which the plaintiff resided. He also testified he had sought to locate sand for the parking lot, but was unsuccessful. *Held:*

1. In *Fincher v. Fox,* 107 Ga. App. 695 (131 SE2d 651) our court made an examination of the extent of the landlord's duty to remove from common areas temporary accumulations of nature such as rain water, ice and snow. The late Judge Robert L. Russell, Jr.[1] cited various Georgia cases on the subject and discussed rulings from other jurisdictions which were the subject of an exhaustive annotation in 26 ALR2d 610. He pointed out there were two lines of decisions, one holding that no duty existed upon the landlord to remove temporary accumulations of this nature. This has since become known as the "Massachusetts Rule." The other follows what is known as the "Connecticut Rule" which, Judge Russell explained at page 698, "tend[s] to judge the duty under general applicable principles of negligence and to base the decision upon whether or not the landlord has used reasonable care to keep the approaches reasonably safe after notice of the condition and a reasonable opportunity to correct it." This court decided the latter rule to be more in accord with Georgia law. The wisdom of this decision is borne out in that this has now become the majority rule in our country. See 49 ALR3d 387. We therefore reaffirm the controlling principle to be as

---

[1] Judge Robert L. Russell, Jr. was the grandson of Richard B. Russell, Sr., one of the three founding judges of our court. The other family combination in the 68 years of this court's history is the late Justice Joseph D. Quillian and his son, our current Judge J. Kelley Quillian. Coincidentally, both the Russell and Quillian families are from Winder.

Headnote 1 of *Fincher v. Fox,* supra, succinctly states: "A landlord who retains a qualified possession of the premises and approaches for purposes of maintenance may be liable for failure to remove temporary accumulations of matter such as snow and ice resulting from natural causes, but his liability will be determined by applicable principles of negligence law as in other cases." Thus, "the fact that the accumulation of the ice here was an act of God does not preclude examination into the question of whether or not the defendant was negligent in failing to take remedial action." Id. p. 698.

2. *Fincher v. Fox,* supra, also makes clear at page 698 that "A landlord is not an insurer of the safety of his tenants. Liability results only from his failure to exercise ordinary care to make repairs after notice to him of the defective condition coupled with a failure to repair within a reasonable time. *Ledbetter v. Gibbs,* 19 Ga. App. 485 (1) (91 SE 875); *Rothschild v. First Nat. Bank,* 54 Ga. App. 486 (188 SE 301); *Dickey v. Suggs,* 90 Ga. App. 124 (82 SE2d 24); *Huey v. Nix,* 94 Ga. App. 498 (95 SE2d 339)." Defendant concedes that its agents were apprised of the condition of the parking area in the case at bar. However, defendant seeks to escape liability on the ground that it did not have a reasonable opportunity to correct the condition prior to plaintiff's fall due to the prevailing circumstances. Whether or not the defendant was afforded a reasonable time within which to remedy the condition is, we think, a question for the jury. We cannot say that as a matter of law the circumstances were such that defendant was not able to correct the situation before the plaintiff was injured. "[W]hether there was a duty on the part of the owner of the apartment hotel to continue some employee at work while the dangerous condition prevailed . . . is a question of fact rather than a question of law." Robinson v. Park Central Apts., 248 FSupp. 632, 636 (DC, 1965). And see Hemmings v. Weinstein, 151 Conn. 502 (199 A2d 687), wherein it was ruled the trial court properly refused to render a judgment n. o. v. for the defendant landlord since the jury may have reasonably determined that the landlord should have discovered and cleared the snow and ice from the apartment entrance walk before the plaintiff suffered

her injuries.

Defendant erroneously asserts that *Fincher v. Fox,* supra, is controlling sub judice. The ratio decidendi of the *Fincher* decision was "that there was no actual notice or knowledge on the part of the landlord and no sufficient factual averments to predicate a recovery on the ground of implied notice." Id., p. 699. Such is not the case here.

3. Defendant also contends that plaintiff should be barred from recovery because she knowingly assumed the risk and danger of crossing the icy parking lot. We disagree. "Questions necessitating a decision as to whether a given state of facts shows that lack of ordinary care for one's own safety which will bar recovery (within which category are placed those situations amounting to the assumption of the risk involved) or only that comparative negligence which will reduce it are generally for the jury." *Stukes v. Trowell,* 119 Ga. App. 651 (168 SE2d 616). Thus, this court, in *Wasserman v. Southland Investment Corp.,* 105 Ga. App. 420 (124 SE2d 674), ruled that although the plaintiff "had previously traversed the steps on which she fell, [and] knew of their icy condition," a question of fact remained as to "whether in using the steps with such knowledge she was so negligent as to be barred of a recovery . . ."

4. In *Auerbach v. Padgett,* 122 Ga. App. 79 (176 SE2d 193) this court stated at page 81: " 'The true ground of liability is the proprietor's *superior knowledge* of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is *known to the owner* or occupant and *not known to the person injured* that a recovery is permitted.' " Defendant relies upon this language to support its contention that plaintiff should be barred of a recovery. We do not think the language relied upon is applicable in the case at bar. The plaintiff in *Auerbach* slipped upon a small patch of ice which remained after the defendant had cleared the walkway. "Other than this small place the walkway was dry and free of ice, as was the ground on both sides of it. She could have stepped over the place, or around it on either side, but did not." Id. p. 80. Furthermore, the owners had neither actual nor constructive notice of the remaining ice. Sub judice, the

defendant admits that its agents were well aware of the conditions at the complex. More importantly, the evidence shows that these conditions were such that all means of ingress and egress to and from the apartments were covered with ice. Thus, unlike the plaintiff in *Auerbach,* our plaintiff had no alternative but to traverse the ice if she was to go to and from her apartment. As noted by the Court of Appeals of Tennessee in a case involving similar glacial circumstances, "To hold that the mere walking on a snow and ice covered walk is negligence per se would, in effect, make these plaintiffs captives in the apartment building. Knowledge of the presence of ice and snow would impose upon the plaintiff the duty of exercising that degree of care commensurate with her knowledge, but would only be a circumstance to be considered by the jury along with all others in determining if the plaintiff exercised due care for her own safety." Grizzell v. Foxx, 48 Tenn. App. 462 (348 SW2d 815). See also, Oswald v. Jeraj, 146 Ohio St. 676 (67 NE2d 779) wherein it was said that plaintiff was not required to stay in her apartment because the walk was covered with snow.

5. The trial court erred in granting defendant's motion for summary judgment.

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*

ARGUED JULY 1, 1974 — DECIDED OCTOBER 4, 1974 — REHEARING DENIED OCTOBER 31, 1974 —

*Webb, Parker, Young & Ferguson, Robert G. Young,* for appellant.

*Neely, Freeman & Hawkins, William Q. Bird,* for appellee.