## 52751. JEFFORDS v. ATLANTA PRESBYTERY, INC.

SMITH, Judge.

The plaintiff, Mr. Jeffords, brought an action against Atlanta Presbytery, Inc. to recover for injuries allegedly caused by the negligence of the defendant. Atlanta Presbytery, Inc. moved for summary judgment and the trial judge granted the motion. The plaintiff appeals the order granting defendant's motion for summary judgment.

In the summer of 1973, appellant was a volunteer camp director for the fourth grade at Camp Calvin, which is owned and operated by Atlanta Presbytery, Inc. On June 21, 1973, appellant was at the camp swimming pool where some of the campers and other counselors were participating in a game of water-basketball. There was a lifeguard on duty at the pool. The appellant noticed that the game was "rather rough" and cautioned the participants "several times that somebody was going to get hurt." Appellant testified under deposition that the players paid no attention to his warnings and continued to play ball. Appellant thereafter got into the pool "when a rough game was in progress." Someone threw the ball at the appellant; he reached up to catch the ball. As soon as

the ball hit his hands, one of the players reached for the ball and inadvertently struck appellant's right eye with one of his fingers.

Immediately after the incident, appellant informed the camp nurse that his eye hurt. She examined the eye and advised him to lie down and rest. After appellant rested, the pain in his eye subsided. The nurse asked appellant if he wished to see the doctor, but he responded that he did not.

On July 2, appellant had surgery to correct ptosis of his right eye (drooping eye). Appellant had this condition his entire life. On August 6, appellant saw his doctor because of a burning sensation in his right eye and blurred vision. The doctor then diagnosed the problem as a detached retina.

Appellant alleges that the detached retina was occasioned by the incident in the pool on June 21, 1973. He contends that the appellee is liable for this injury because it "was negligent in its failure to take proper care of the plaintiff and properly train and instruct the youthful resident counselors, and to provide an adequate number of qualified personnel to supervise the swimming activities and have available competent medical attention."

"The rules governing the land proprietor's duty to his invitee presuppose that the possessor knows of the condition and 'has no reason to believe that they (his invitees) will discover the condition or realize the risk involved therein.' 2 Restatement, Law of Torts, § 343. The basis of the proprietor's liability is his superior knowledge and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting, in view of his knowledge, assumes the risks and dangers incident to the known condition. [Cits.]" *Hunt v. Thomasville Baseball Co.,* 80 Ga. App. 572, 573 (56 SE2d 828). See also *Rogers v. Atlanta Enterprises,* 89 Ga. App. 903, 906 (81 SE2d 721). It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted. *Auerbach v. Padgett,* 122 Ga. App.

79, 81 (176 SE2d 193).

Plaintiff's undisputed testimony shows that this is not a case where the owner knew of a hazard and the plaintiff did not. The record shows that the plaintiff had as much knowledge as the proprietor of the rough game in progress when he voluntarily entered the pool. The plaintiff voluntarily entered the pool with personal knowledge that "a rough game was in progress." Therefore, he assumed the risks and dangers inherent in this condition. Here the risk was open, apparent and recognized by the plaintiff and assumed by him upon his entrance into the pool.

The trial court did not err in granting summary judgment in favor of the defendant.

*Judgment affirmed. Marshall and McMurray, JJ., concur.*

ARGUED SEPTEMBER 9, 1976 — DECIDED OCTOBER 18, 1976 — REHEARING DENIED NOVEMBER 17, 1976 — 

*William G. Posey,* for appellant.
*Neely, Freeman & Hawkins, John W. Winborne, III, Edgar A. Neely, Jr.,* for appellee.