## 64249. PURVIS et al. v. HOLIDAY HILLS PROPERTY OWNERS ASSOCIATION, INC.

BIRDSONG, Judge.

Summary Judgment. James and Martha Purvis are husband and wife. They have resided in the Holiday Hills residential development since 1970. The Purvises have been members of the Holiday Hills Property Owners Association, Inc. since moving into the development. Mrs. Purvis regularly utilized the recreational facilities of the development and during the summer season used a small and a large swimming pool. Usually the large pool was open only on weekends (Saturdays and Sundays) and Mrs. Purvis used the small pool on other occasions. Though her frequency of use varied from week to week, Mrs. Purvis estimated that she used the pools several times a week, as much as three days a week. In order to reach

the small pool, Mrs. Purvis would park her car in an adjacent parking area, walk up a gravel path to a set of concrete steps and thence up to the steps to the pool at the crest of a small hill. Mrs. Purvis had observed over the several years during which she had used the pool that water splashed from the pool, escaped from the pool deck over the edge and trickled down the bank.

On August 12, 1979, using the pool and steps leading thereto as she had for numerous years, Mrs. Purvis joined some friends at the small pool about 4:00 p. m. She walked up the path and ascended the steps using the right side of the steps to ascend. She left the pool area about 6:00 p. m. She descended the center part of the steps. At the time she was carrying her purse and a folded lawn chair. As Mrs. Purvis stepped off the bottom step, her foot made contact with the ground, and the next thing she knew, she had reached a sitting position facing the steps. She was not aware of any seepage of water or of any other substance at the foot of the steps that would have caused her to fall. Her contention was that because of water flow, the dirt path at the foot of the steps had eroded so that the distance between the higher steps was less than the distance between the bottom step and the ground. This differing distance caused by erosion was allegedly what caused her to lose balance or footing and resulted in a rather serious fracture of her ankle and caused her much pain and permanent partial disability. Mrs. Purvis based her complaint on this injury, and Mr. Purvis joined in the suit claiming loss of consortium.

At a deposition, Mrs. Purvis admitted that at the time of her injury she had not noticed anything different in the ground level or in the condition of the steps or bank than she observed during the past years of her use of the pool. She did not specifically observe a washed-out area nor that the center of the bottom step was higher above the path level than the right side of the steps. In fact she did not notice any washed-out area until she visited the accident scene with her attorney some six months later. She further conceded that she did not know when any erosion occurred. Mrs. Purvis also admitted that she did not know what caused the ground to be eroded when she saw such erosion six months later but assumed that because the water at her home caused erosion, it was logical that the same was true at the pool. Even the erosion she observed after the accident did not alter the level of the ground more than one to three inches. Based upon this state of the evidence, Holiday Hills Property Owners Association moved for summary judgment. The trial court granted the motion, and Mr. and Mrs. Purvis bring this appeal enumerating that grant as error. *Held:*

We affirm. The law is clear that the basis for an owner's liability

for injury occurring to another while on the owner's property is the owner's superior knowledge of the danger or defect which was the proximate cause of the injury. "The true ground of liability is the proprietor's *superior knowledge* of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is *known to the owner* or occupant and *not known to the person injured* that a recovery is permitted." *Auerbach v. Padgett,* 122 Ga. App. 79, 81 (176 SE2d 193). Thus, the basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard, there is no duty on the part of the proprietor to warn the invitee and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does. By voluntarily acting in view of her knowledge, Mrs. Purvis assumed the risk and dangers incident to the known condition. It is clear that Mrs. Purvis' means of knowledge was at least equal to that of the Home Owner's Association, of which she was a member. It follows, therefore, that Mrs. Purvis failed to establish a right to recover predicated upon the basis of alleged acts of negligence known only to the Home Owner's Association. *Rogers v. Atlanta Enterprises,* 89 Ga. App. 903, 906-907 (81 SE2d 721). For an analogous factual situation, see *Tolliver v. Hollingsworth,* 161 Ga. App. 118 (289 SE2d 272).

The purpose of the Summary Judgment Act is to eliminate the necessity for trial by jury where, giving the opposing party the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Such is the state of facts that we find in this record. It follows the trial court did not err in granting summary judgment to Holiday Hills Property Owners Association. See *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601, 603 (203 SE2d 173); *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 8, 1982.

*Robert E. Bergman,* for appellants.
*John C. Edwards,* for appellee.