68161. HARRIS et al. v. STAR SERVICE & PETROLEUM COMPANY et al.

BIRDSONG, Judge.

This appeal arises from the trial court's grant of appellee/defendant's motion for summary judgment in this slip and fall case. Appellant Harris contends on appeal that the evidence created genuine issues of material fact concerning appellee's alleged liability for Harris' injuries.

The facts essential to this appeal are basically undisputed. The slip and fall under consideration occurred on January 14, 1982. At the time of the accident, the Atlanta area was in its third day of snowy and icy conditions created by the paralyzing snowfall that began on January 12, 1982. Appellee owned and operated a gasoline service sta-

tion in southwest Atlanta. Appellant Harris, a cab driver who frequently purchased gasoline at appellee's service station, entered the service station lot and parked beside the full service pumps. According to Harris' testimony, the service station attendants were busy and he was told to pump his own gas. His deposition testimony of the occurrence reads in part as follows: "So I got out of the car. There was ice on the ground. Of course, I used caution getting out and pumping my own gas. After I had pumped the gas and made, I guess, two or three steps toward the office I was met by one of the attendants to collect for the gas. I paid him for the gas and turned around to go back to my automobile and slipped and fell. Q . . . Was [there] ice generally all over or just in spots? A. All over the station. . . . It wasn't dark on that day. . . . So far as I can remember it [the service station] was all covered. . . . Q. When you got out of the car on the left side on the driver's side and walked back to the back to fill your pump (sic), was there ice under your feet then? A. Yeah. . . . Q. Do you recall . . . having any problems as you were walking to meet [the attendant]? A. No sir. Q. Were you [walking] on ice during that time or snow? A. Snow — ice." *Held*:

" 'The mere ownership of land or buildings does not render one liable for injuries sustained by persons who have entered thereon or therein; the owner is not an insurer of such persons, even when he has invited them to enter. Nor is there any presumption of negligence on the part of an owner or occupier merely upon a showing that an injury has been sustained by one while rightfully on the premises. The true ground of liability is the proprietor's *superior knowledge* of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is *known to the owner* or occupant and *not known to the person injured* that a recovery is permitted.' (Emphasis supplied.) . . . *'An invitee who is as fully aware of the dangers and defects of the premises of the proprietor as is the proprietor himself, in coming on such premises assumes the risks thereon, and cannot recover from the defendant for injuries resulting by reason of such dangers and defects.* [Emphasis supplied.] [Where] the evidence . . . demands this finding, the trial court [does] not err in directing verdicts in favor of the defendant.' [Cit.]" *Auerbach v. Padgett*, 122 Ga. App. 79, 81 (176 SE2d 193). This general statement of law has been reaffirmed on numerous occasions by this court. See, e.g., *Purvis v. Holiday Hills Property Owners Assn.*, 163 Ga. App. 387, 389 (294 SE2d 592); *Telligman v. Monumental Properties*, 161 Ga. App. 13, 14 (288 SE2d 846); *McIntyre v. Corporate Property Investors*, 160 Ga. App. 868, 869 (288 SE2d 584); *Ramsey v. Mercer*, 142 Ga. App. 827, 829 (237 SE2d 450); *Hancock v. Abbitt Realty Co.*, 142 Ga. App. 739 (1) (236 SE2d 860); *Jeffords v. Atlanta Presbytery*, 140 Ga. App. 456, 457 (231 SE2d 355); *Shuman*

*v. Mashburn*, 137 Ga. App. 231, 233 (223 SE2d 268). See also *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170, 173 (2) (138 SE2d 77).

As can be seen from the above quoted deposition testimony of appellant, there is no genuine issue concerning appellant's knowledge of the icy conditions giving rise to his fall. He not only knew that the station lot was covered with ice, he had pumped gasoline and walked some distance over the same terrain before he slipped. It is difficult to conceive of any case in which the plaintiff's knowledge of the alleged hazard is more clear and palpable.

Appellant contends that our holdings in *Telligman*, supra, and *Phelps v. Consolidated Equities Corp.*, 133 Ga. App. 189 (210 SE2d 337), compel denial of appellee's motion for summary judgment. See also *Hull v. Mass. Mut. Life Ins. Co.*, 142 Ga. App. 269, 270 (235 SE2d 601). To the contrary, none of these cases provides support for the imposition of liability in the present case. In *Telligman*, supra, p. 16, this court acknowledged the "superior knowledge" requirement for cases such as this but held that the evidence therein demonstrated "conclusively that appellant had no actual knowledge of the 'invisible' ice hazard." Thus, the case was inappropriate for summary judgment. Both *Phelps* and *Hull* involved landlord and tenant situations in which the tenants' only ingress to and egress from their apartments were covered with ice and snow; therefore, the tenants' traverses of the known icy conditions were, in effect, not matters of choice. Under the facts of those cases, the issues of whether the landlords had breached a duty to the tenants in failing to remove the ice and snow, and whether the tenants had voluntarily assumed known risks, were not subject to summary disposition. See *Fincher v. Fox*, 107 Ga. App. 695 (1) (131 SE2d 651).

Contrary to *Phelps* and *Hull*, the present case involves a business invitee who voluntarily encountered the ice and snow leading to his slip and fall. Contrary to *Telligman*, the record shows without dispute that the plaintiff had actual knowledge of the ice and snow proximately resulting in his accident. Appellant was unable successfully to contend that he had a right to rely on the assumption that appellee had discharged a duty of making his premises safe; the facts show without dispute that appellant knew he was traversing ice and snow while walking within appellee's service station lot. The alleged hazard was both obvious and known to appellant; appellee had no superior knowledge and incurred no liability as a result of appellant's slip and fall. This is unlike the situation in *Robinson v. Western Int. Hotels Co.*, 170 Ga. App. 812 (318 SE2d 235), where there was a substantial jury question presented as to Mr. Robinson's knowledge and appreciation of the danger presented and the impact of distracting occurrences at the point of the accident.

The complaint contains allegations that appellee placed a "grainy compound normally used for the purpose of soaking up oil" on the snow and ice, which allegedly aggravated the hazard. However, the record contains no evidence to support the allegation that the compound either was on the surface before appellant's fall or that it made the snow and ice more slippery and hazardous. Instead, the only evidence relating to the compound indicates that it actually made the surface covered with snow and ice less slippery, and that it was placed over the surface only after appellant's fall. Consequently, while the record contains evidence piercing this allegation of the complaint, appellant produced no evidence in support of this allegation.

The record in this case demonstrates no genuine issue of material fact concerning appellee's liability as a result of appellant's slip and fall. Accordingly, the trial court did not err in granting appellee's motion for summary judgment. OCGA § 9-11-56.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED MAY 4, 1984.

*James A. Eichelberger, Gwendolyn R. Tyre,* for appellants.
*Wilbur C. Brooks, Stanley T. Snelling,* for appellees.