77542. OLIVER et al. v. COMPLEMENTS, LTD. et al.
(378 SE2d 154)

Banke, Presiding Judge.

Mr. Oliver fell and was injured when a step tread gave way beneath him as he was descending a wooden stairway located behind his apartment building. He and his wife brought the present action against the owners of the building, alleging that they had failed in their duty to keep the premises and approaches safe for invitees. The trial court granted summary judgment to the defendants, based evi-

dently on a conclusion that Mr. Oliver had equal knowledge of the alleged defect and of the danger presented by it. The Olivers appeal.

According to Mr. Oliver, one side of the tread pulled loose from the nails which had been holding it in place. He testified that for several months prior to the accident he and his wife had complained both to the management and to the city "about the nails pulling out and the boards pulling up on the stairway," but that nothing was done to correct the defects until over a month after his accident, at which time the entire stairway was rebuilt. With regard to the specific location of the defects he had observed, Mr. Oliver testified as follows: "Q. Where exactly were those nails that you saw pulling out located? Were they on the vertical rise part of the stair or the horizontal platform? A. The horizontal . . . platform and then your railing was, you know, some of it had pulled out and the boards were laying on the ground. Q. So you were not referring to the step treads going up the stairs which fell? A. No, I was talking the platform that you walk on more or less."

The stairway in question provided the most direct access between the plaintiffs' apartment and the parking area, which, like the stairway, was located behind the building. There was another stairway located at the front of the building; however, Mr. Oliver testified that to reach the front entrance of the building from the parking lot required walking approximately 250 feet and that, for this reason, he routinely used the back stairway even though he considered it to be unsafe. *Held*:

" 'The true ground of liability of the owner or occupant of property to an invitee who is injured thereon is the superior knowledge of the proprietor of the existence of a condition that may subject the invitee to an unreasonable risk of harm.' [Cit.] 'The presumption of the law is that the owner of a lot is acquainted with the condition of his own property, if a natural person, and if an artificial one, that it has such knowledge through its agents and employees.' [Cit.]" *Herrington v. Stone Mtn. Memorial Assn.*, 119 Ga. App. 658, 661 (168 SE2d 633) (1969). The owner is thus under some duty to inspect for dangerous conditions existing on the premises, whereas the invitee " 'is not obliged to inspect the premises to discover latent defects nor even to observe all patent defects.' " Id. at 662. See generally *Sears, Roebuck & Co. v. Chandler*, 152 Ga. App. 427, 428-9 (263 SE2d 171) (1979).

It has been held that "[l]ooking continuously, without intermission, for defects in a floor is not required in all circumstances," *Chotas v. J. P. Allen & Co.*, 113 Ga. App. 731, 733 (149 SE2d 527) (1966), and that "[k]nowledge [on the part of the invitee] that one part of a floor is defective is not necessarily knowledge that an adjacent part is also defective." *Somers v. Tribble*, 115 Ga. App. 282, 284

(154 SE2d 620) (1967). It has also been held that " 'mere knowledge' [on the part of the invitee] of the existence of a dangerous or defective condition does not necessarily constitute 'full appreciation of the risk involved.' [Cits.]" *Atkinson v. Kirchoff Enterprises*, 181 Ga. App. 139, 140 (351 SE2d 477) (1986). " 'Only in clear and palpable cases, where it appears that one recklessly tests an observed and clearly obvious peril, or voluntarily assumes a position of imminent danger, will he be barred from recovery as a matter of law; otherwise, the question of what negligence, as well as whose negligence is responsible for the injury is a jury question.' [Cits.]" *Herrington v. Stone Mtn. Memorial Assn.*, supra, 119 Ga. App. at 661.

In view of the evidence that the defendants had been notified repeatedly during the months prior to the accident that the stairway was in need of repair, a jury might reasonably conclude that the defendants were constructively aware of each and every defect therein which would have been revealed by a close inspection. Mr. Oliver, on the other hand, can be charged only with knowledge of those defects which he had actually observed or which were so transparently obvious that his failure to observe them cannot reasonably be excused. See *Sears, Roebuck & Co. v. Chandler*, supra, 152 Ga. App. at 429. It is certainly not apparent as a matter of law from his testimony that he had previously observed nails pulling loose from the step treads as opposed to the horizontal platform; and even if he had, it would not automatically follow that he had a full appreciation of the danger created by that condition, for he might reasonably have believed that the nails were not actually supporting the treads but merely holding them in place on top of the stringers. For these reasons, we hold that the trial court erred in granting the defendants' motion for summary judgment. To hold to the contrary under the circumstances of this case would, in effect, be to hold that a landlord may escape liability for personal injuries caused by dangerous conditions existing on his premises to the extent that he has previously ignored complaints by the injured party regarding those conditions. Cf. *Richardson v. Palmour Court Apts.*, 170 Ga. App. 204 (316 SE2d 770) (1984).

*Judgment reversed. Deen, P. J., McMurray, P. J., Benham and Beasley, JJ., concur. Carley, C. J., Birdsong, Sognier, and Pope, JJ., dissent.*

CARLEY, Chief Judge, dissenting.

I join Judge Birdsong's dissent. However, I want to point out that unlike *Richardson v. Palmour Court Apts.*, 170 Ga. App. 204 (316 SE2d 770) (1984), there were no averments in this case that, in response to the complaints by the appellant concerning the stairway, the appellee made any assurances or promises. Thus, *Richardson* is distinguishable and the trial court's judgment was correct for the rea-

sons set forth in Judge Birdsong's dissent.

BIRDSONG, Judge, dissenting.

I respectfully dissent from the majority opinion. I would find the trial court was correct in granting summary judgment to the landlord. The tenant was fully aware of the alleged defect in the premises, in fact, even more so than the landlord, since the tenant admitted he used the stairs on which he was injured, to get to his apartment, four to five times daily and had been living in this apartment for several months.

Although a landlord is required to keep the premises in repair (OCGA § 44-7-13), the landlord is not an insurer of the tenant's safety. *Phelps v. Consolidated Equities Corp.*, 133 Ga. App. 189, 191 (210 SE2d 337). "When rented premises become defective and unsafe it is the duty of the tenant to refrain from using that part of the premises the use of which would be attended with danger. It is his duty to exercise ordinary care for his own safety, and where he is injured as a result of his failure to exercise such care, he can not recover damages from his landlord, even though the latter may have been negligent in failing to make repairs." *Jackson v. Davis*, 39 Ga. App. 621 (147 SE 913); accord *Kimball v. Morcock*, 57 Ga. App. 750 (196 SE 125); *Gallovitch v. Ellis*, 55 Ga. App. 780 (3) (191 SE 384); *Parker v. Miller*, 41 Ga. App. 560 (153 SE 619); *Kleinberg v. Lyons*, 39 Ga. App. 774 (3) (148 SE 535); *Williams v. Jones*, 26 Ga. App. 558 (2) (106 SE 616); *Ledbetter v. Gibbs*, 19 Ga. App. 485 (2) (91 SE 875).

The basis for a landlord's liability is his superior knowledge of the defective or hazardous condition, and the danger resulting from it. *Richardson v. Palmour Court Apts.*, 170 Ga. App. 204, 205 (316 SE2d 770). However, it is not contested that the alleged defect, or hazard, was patent and appellant admitted full knowledge of the hazard and continued to use the stairs for his convenience, although he had another entrance which was safe—on the front side of the apartment. Hence, appellant's testimony established that the route he chose was not one of necessity, but of convenience. *Lindsey v. Housing Auth. of Atlanta*, 181 Ga. App. 814, 815 (354 SE2d 13). Neither was appellant forced to assume the risk because there was no other means of ingress or egress. *Smith v. Collins*, 182 Ga. App. 564 (356 SE2d 530). In essence, if the tenant knows of the hazard there is no duty on the part of the landlord to warn him and there is no liability for resulting injury because the tenant has as much knowledge of the hazard as the landlord. *Garnett v. Mathison*, 179 Ga. App. 242, 243 (345 SE2d 919); *Bell v. Abercorn Toyota*, 175 Ga. App. 668, 669 (333 SE2d 880); *Purvis v. Holiday Hills &c. Assn.*, 163 Ga. App. 387, 388 (294 SE2d 592). "By voluntarily acting in view of that knowledge, the [tenant] assumes the risk and dangers incident to the known condi-

tion." *Bell*, supra at 669; accord *Sumner v. Otasco, Inc.*, 175 Ga. App. 177, 178 (333 SE2d 28); *Yankey v. Battle*, 122 Ga. App. 275 (176 SE2d 714).

" 'Although the tenant may not have waived performance of the landlord's duty to repair, or any right of action growing out of an injury caused by failure to repair, and even though ample notice of the defect may have been given by the tenant to the landlord, it is nevertheless the rule that neither the tenant nor any person lawfully upon the premises by his express or implied invitation can recover for injuries caused by such defect, where the tenant or such other person could have avoided the consequences of the landlord's negligence in failing to repair, by the exercise of ordinary care on his own part. [Cits.]' . . . 'A landlord is not liable for injuries to a tenant arising from a patent defect of which the tenant knew, or had means of knowing equal to those of the landlord. [Cit.] *When rented premises become defective and unsafe it is the duty of the tenant to refrain from using that part of the premises the use of which would be attended with danger.* It is his duty to exercise ordinary care for his own safety, and where he is injured as a result of his failure to exercise such care, he can not recover damages from his landlord, even though the latter may have been negligent in failing to make repairs." [Cits.]' " (Emphasis supplied.) *Thompson v. Crownover*, 186 Ga. App. 633, 635 (368 SE2d 170); accord *Richardson*, supra at 205; *Hearn v. Barden*, 115 Ga. App. 708, 709-710 (155 SE2d 649); *Williams v. Jones*, supra. Here, there was full knowledge of the hazard by the appellant, equal or superior to that of the landlord (*Garnett v. Mathison*, supra), a duty to avoid using the defective or unsafe portion of the premises (*Thompson*, supra), knowledge of a safe but alternative route (*Lindsey*, supra), and an election to use the known defective route, thus assuming the risk (*Bell*, supra; *Sumner*, supra; *Yankey*, supra).

"Although the issue of the plaintiff's exercise of due diligence for his own safety is ordinarily reserved for the jury, it may be summarily adjudicated where the plaintiff's knowledge of the risk is clear and palpable." *Soucy v. Alexander*, 172 Ga. App. 501, 502 (323 SE2d 662); accord *Harris v. Star Svc. &c. Co.*, 170 Ga. App. 816 (318 SE2d 239); *Whirlpool Corp. v. Hurlbut*, 166 Ga. App. 95 (6) (303 SE2d 284); *Ga. Power Co. v. Purser*, 152 Ga. App. 181, 182 (262 SE2d 473); *Smith v. Bel-Arbor*, 121 Ga. App. 739 (175 SE2d 146).

Accordingly, where, as here, it is clear and palpable that appellant was aware of the alleged defect and danger, and knew of the alternative and safe route, but voluntarily used the dangerous stairs for his own convenience, he assumed the risk and summary judgment for the landlord was appropriate.

I would affirm the trial court.

I respectfully dissent. I am authorized to state that Chief Judge Carley, Judge Sognier and Judge Pope join in this dissent.

DECIDED JANUARY 24, 1989.

*Charles L. Day*, for appellants.
*Swift, Currie, McGhee & Hiers, Lynn M. Roberson*, for appellees.