### 20362. WOLBE *v.* JOSSEY.

STEPHENS, J. 1. Where a floor in a house on rented premises is rotten, and, because of this condition when taken in connection with the fact that the joists supporting the floor are spaced too far apart, the floor can not be used in safety by people walking or standing upon it, yet where, although its rotten condition is patent and obvious, its dangerous condition is not perfectly patent or obvious, and it appears to be reasonably safe to persons standing or stepping on it, it can not be said as a matter of law that a person who, with knowledge of the rotten condi-

tion of the floor but without knowledge of its dangerous condition, steps upon the rotten portion of the floor and is injured by the falling in of the floor is, in so doing, lacking in ordinary care and is guilty of negligence proximately causing the injury.

2. Where a floor in a house on rented premises, by reason of a rotten condition and of the further fact that the joists supporting the floor are spaced too far apart, is unsafe for use by people standing or ·walking on it, and where the landlord in repairing the floor could, in the exercise of ordinary care, discover its dangerous condition, a failure of the landlord, within a reasonable time after notice that the floor is in need of repairs, to make the repairs necessary to render the floor safe for people standing or walking on it is negligence; and where, by reason of the unsafe condition of the floor, a person lawfully occupying the premises is injured by the floor's giving way on account of its unsafe condition, and in so doing is not guilty of negligence causing his own injury, the negligence of the landlord in failing to make the repairs necessary to render the floor safe may be the proximate cause of the injury.

3. Where the petition in a suit by the person injured against the landlord to recover damages for the alleged injury alleges the existence of the relationship of landlord and tenant between the defendant and the plaintiff's husband, that the plaintiff lived in the house, occupying it as a residence, that a designated part of the floor of the veranda of the house was rotten and that the joists thereunder were placed too far apart, that the plaintiff, while on the veranda engaged in reaching a clothes line, stepped upon the rotten portion of the floor and was injured in a described manner by its giving way under her weight, that repeated notices of the rotten condition of the floor had been given to the landlord and that he had failed to repair it after having repeatedly promised to do so, and where the petition contains a detailed description of the injury received, it is not subject to special demurrer because of a failure to allege the nature and character of the lease contract, whether it was written or verbal, or in failing to allege more specifically the nature and character of the house, or the dimensions of the floor, including its height from the ground, or to allege more specifically the nature and character of the notices to the landlord, or to describe more specifically the duties which the plaintiff was performing when she stepped upon the floor and was injured. The petition set out a cause of action and was not subject to the general or special demurrer, and the court did not err in overruling the demurrer.

*Judgment affirmed.* *Jenkins, P. J., and Bell, J., concur.*

Decided January 19, 1931. Rehearing denied February 28, 1931.

*Morris Macks,* for plaintiff in error. *V. E. Adams,* contra.