142

22343, 22344. WILLIAMS *et al.* v. MAYES.

SUTTON, J. Where a landlord rented an apartment equipped with an automatic electric refrigerator, which used methylchloride, a deadly poison when inhaled or when taken internally after its contact with water, as a refrigerant, and which is confined in a secure and tight compartment and not permitted to come in contact with the contents of the refrigerator, the nature and dangerous character of which refrigerant was unknown to the tenant but known to the landlord, and where the refrigerator got out of order and the contents thereof would become spoiled at various times, the landlord being immediately notified that the refrigerator was out of repair and requested to repair the same, which he failed and neglected to do, and where thereafter the plaintiff, a niece of the tenant, who was not aware of the defective refrigerator, visited the tenant in the apartment, drank some water chilled in the refrigerator in which some of the poisonous gaseous refrigerant had escaped, and inhaled some thereof, and was thereby injured, a petition alleging the above facts set forth a cause of action against the landlord. *Johnson* v. *Collins*, 98 *Ga.* 271 (26 S. E. 744) ; *Veal* v. *Hanlon*, 123 *Ga.* 642 (51 S. E. 579) ; *Ross* v. *Jackson*, 123 *Ga.* 657 (51 S. E. 578) ; *Crook* v. *Foster*, 142 *Ga.* 715, 718 (83 S. E. 670). This is so even though the person injured by the unrepaired defective condition was a guest of the tenant. *Marr* v. *Dieter*, 27 *Ga. App.* 711 (109 S. E. 532) ; *Monahan* v. *National Realty Co.*, 4 *Ga. App.* 680 (62 S. E. 127).

(a) The principle that it is the duty of a tenant of premises in disrepair to abstain from use of that part of the premises which is attended with danger, and if by the use of such care the consequences of the landlord's negligence could have been avoided, he can not recover for injury sustained as a result of the defective condition (*Clements* v. *Blanchard*, 141 *Ga.* 311, 80 S. E. 1004, L. R. A. 1917-A, 993; *Donehoe* v. *Crane*, 141 *Ga.* 224, 80 S. E. 712; *Gavan* v. *Norcross*, 117 *Ga.* 356, 43 S. E. 771; *Jackson* v. *Davis*, 39 *Ga. App.* 621, 147 S. E. 913; *Harris* v. *Riser*, 30 *Ga. App.* 765, 119 S. E. 432; *Ledbetter* v. *Gibbs*, 19 *Ga. App.* 485, 91 S. E. 875; *Alexander* v. *Owen*, 18 *Ga. App.* 326, 89 S. E. 437), is not applicable in this case, for the reason that while the petition shows that the tenant knew of the defective refrigerator, it shows that neither the tenant nor the guest knew of the dangerous character of the defect, but that the landlord knew thereof. See *Wolbe* v. *Jossey*, 42 *Ga. App.* 612 (157 S. E. 233) ; *Stack* v. *Harris*, 111 *Ga.* 149 (36 S. E. 615).

(b) It follows that the judgments of the court below, overruling the demurrer of the defendant to the petition of the niece of the tenant, who was an infant, and the demurrer of the defendant to the petition of her father for loss of her services and for expenses incurred by him by reason of her injury, were not erroneous.

*Judgments affirmed. Stephens, J., concurs. Jenkins, P. J., disqualified.*

DECIDED DECEMBER 8, 1932.

*Pearce Matthews, William P. Kennedy,* for plaintiffs in error.
*Hewlett & Dennis,* contra.