23662.  YANCEY *v.* PETERS.

DECIDED APRIL 7, 1934.

*V. K. Meador,* for plaintiff.

*John R. Strother, W. H. Lewis, Joseph D. Lewis,* for defendant.

SUTTON, J.  Plaintiff sued for damages and in her petition alleged substantially as follows:  Plaintiff rented a house from the defendant as a residence, which the defendant represented to her to be safe. Defendant agreed to keep the same in good repair, and to make all necessary repairs, and keep the same safe.  Defendant especially agreed to repair the hearth in the rear room of said house, because the same was "faulty and constructed of three loose brick and dirt, and was in a weak and dangerous condition."  Each time plaintiff paid the defendant the rent due she would call the defendant's attention to the fact that the hearth was "weak and in a bad condition and needed fixing," and called on the defendant to keep his promise to repair the same, plaintiff not knowing that the same was not strong enough to bear her weight, and at each time the plaintiff so notified the defendant of the defective hearth  the defendant agreed to fix the same.  Said hearth was improperly constructed in its original construction, in that it had no braces under the same, except three light boards from a goods box, when it should have had at least a sand box set in a stout frame of heavy sills, all of which plaintiff did not know until after her injury. Plaintiff stepped upon this hearth in front of the fireplace of the rear room of said house, and the hearth gave way, falling to the ground and carrying plaintiff with it, and caused her alleged injuries.  Plaintiff did not know of said improper construction of the hearth and was under no duty to inspect under the floor to see if the hearth was properly supported, but defendant was under the duty to investigate the construction of the hearth, and was under the absolute duty to furnish plaintiff with a properly constructed hearth. The hearth was not only improperly constructed, but was

old and faulty, and plaintiff did not know that it was insufficiently supported to hold her weight, when she was stepping upon it. Defendant could have or should have known, or by an inspection should have ascertained, whether said hearth was reasonably safe to carry the weight of an ordinary man or woman. The court sustained defendant's general demurrer to the petition; and to this judgment the plaintiff excepted.

When rented premises become out of repair, it is the duty of the tenant to notify the landlord thereof, and to abstain from the use of that part of the premises the use of which is attended with danger. It is his duty to use ordinary care; and if by the use of such care the consequences of the defendant's negligence could have been avoided, the tenant can not recover of the landlord for injuries caused by the failure of the landlord to repair such defect in the premises. Civil Code (1910), § 4426; *Ledbelter* v. *Gibbs,* 19 *Ga. App.* 485 (2) (91 S. E. 875), and cit.

(*a*) Applying this principle to the facts set forth in the petition, it appears that the plaintiff stepped upon the hearth, knowing that the same was "faulty . . and . . in a weak and dangerous condition," and that her injury was thus brought about by her own failure to exercise ordinary care after the alleged negligence of the defendant became known to her; and in these circumstances the court did not err in sustaining the general demurrer to her petition and dismissing the petition.

(*b*) The case under consideration is clearly distinguishable from *Stack* v. *Harris,* 111 *Ga.* 149 (36 S. E. 615) ; *Roach* v. *LeGree,* 18 *Ga. App.* 250 (89 S. E. 167) ; *Alexander* v. *Owen,* 18 *Ga. App.* 326 (89 S. E. 437) ; *McGee* v. *Hardacre,* 27 *Ga. App.* 106 (107 S. E. 563) ; *Harris* v. *Riser,* 30 *Ga. App.* 765 (119 S. E. 432) ; *Miller* v. *Jones,* 31 *Ga. App.* 318 (120 S. E. 672) ; *Napier* v. *Pool,* 39 *Ga. App.* 187 (146 S. E. 783) ; *Wolbe* v. *Jossey,* 42 *Ga. App.* 612 (157 S. E. 233) ; *Williams* v. *Mayes,* 46 *Ga. App.* 142 (166 S. E. 876). In those cases the injury to the tenant was not brought about by the tenant using the defective part of the premises, after notifying the landlord of the defect, knowing that the same was "faulty . . and . . in a weak and dangerous condition."

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*