25911, 25949. SHADDIX *v.* EBERHART and *vice versa.*

STEPHENS, P. J. 1. Knowledge by a tenant that a portion of a floor in a house on the rented premises is in a deteriorated and rotten condition, and is dangerous and unsafe for use, does not necessarily and as a matter of law render the tenant, in walking on an adjacent portion of the floor, which does not appear to be rotten and out of repair, but which appears to the tenant to be sound and walkworthy, guilty of negligence barring a recovery against the landlord for injuries resulting to the tenant from the falling in of the floor on which the tenant was walking, where the tenant had no knowledge that the portion of the floor on which she was walking and which fell in with her was in a dangerous and unsafe condition. *Wolbe* v. *Jossey*, 42 *Ga. App.* 612 (157 S. E. 233). *Yancey* v. *Peters*, 49 *Ga. App.* 128 (174 S. E. 182), is distinguishable. In that case where it was held that the plaintiff tenant was barred by her own negligence of a recovery for injuries caused by a hearth on which she had stepped, falling in,

it appeared that the plaintiff had knowledge that the hearth was in a "faulty . . and . . in a weak and dangerous condition."

2. Where a landlord has received notice of a defect in any portion of the rented premises which it is his duty to repair, he is chargeable with notice of any defect in the condition of any adjacent portion of the premises which, when repairing the defect of which he had notice, he could discover in the exercise of ordinary care; and where later he fails, after notice, to exercise ordinary care in making the required repairs, he is guilty of negligence and is liable for injuries received by the tenant as the proximate result of such negligence.

3. Where in a petition as amended it is alleged that the plaintiff was a tenant of the defendant, that a portion of the front porch leading from the house to the front steps, with the exception of one place about eight inches wide, was rotten and in a condition dangerous to the occupants of the house, that before the date when the plaintiff received certain injuries by reason of the falling in of the floor on which she was walking the defendant had been notified and knew of the described condition of the floor in the porch, that the plaintiff while walking upon the eight-inch portion of the floor, which appeared to be safe and sound and walkworthy, received described personal injuries as a result of this portion of the floor falling in with her while she was walking on it, that this portion of the floor on which the plaintiff was walking was not strong enough to bear her weight, that she did not know this, and that the defendant was negligent in fact in thus failing to repair the floor and make it safe, the petition as amended set out a cause of action, and the court erred in sustaining a general demurrer.

4. Where the petition as originally drawn alleged that the floor of the porch was in a rotten condition and that the defendant had been notified, etc., and that as a result of the defendant's negligence in failing to repair the porch the plaintiff was injured by the floor falling in with her when she was on it, amendments in which it was alleged that the floor of the porch with the exception of a portion eight inches wide was in a rotten condition, and that the defendant had been notified of it, and that as a result of the defendant's negligence in failing to repair the porch the plaintiff was injured by the floor falling in with her while she was cautiously walking along the eight-inch portion, were not subject to the objection that they contained matter in contradiction to the allegations of the petition as originally drawn, or that they set out a new cause of action. The court did not err in allowing the amendments.

*Judgment reversed on the main bill of exceptions, Sutton, J., dissenting. Judgment affirmed on the cross-bill of exceptions, Sutton and Felton, JJ., concurring.*

DECIDED MARCH 13, 1937.

*William A. Thomas,* for plaintiff.
*Carmichael & Grove,* for defendant.