36744. AYCOCK *v.* HOUSER.

DECIDED JUNE 18, 1957.

*Graham Glover,* for plaintiff in error.

*Fullbright & Duffey, Harl C. Duffey,* contra.

FELTON, C. J. ■ The petition stated a cause of action as against a general demurrer. The plaintiff was injured by a latent defect which she alleges should have been discovered by the defendant in a reasonable inspection after notice of a patent defect. A landlord has constructive notice of a latent defect if the latent defect is in the same portion of the premises as the patent defect and he has notice of the patent defect and if in the exercise of ordinary care the latent defect would or should have been discovered in repairing the patent defect of which he had notice. *Gledhill* v. *Harvey,* 55 *Ga. App.* 322 (1) (190 S. E. 61); *Shaddix* v. *Eberhart,* 55 *Ga. App.* 498, 499 (2) (190 S. E. 408); *Wall Realty Co.* v. *Leslie,* 54 *Ga. App.* 560, 562 (2) (188 S. E. 600).

It is contended by the defendant that the plaintiff was barred from recovery by her own negligence in using the defective portion of the premises after she had knowledge of its dangerous condition. The contention is without merit. The plaintiff alleged that after she discovered the patent defect, that is, the shaking of the stairs, she inspected the stairs and did not and could not discover the latent, rotten condition of the stairs and determined that the shakiness must be due to the fact that they were not properly attached to the building. Before a plaintiff is barred from recovery by her use of defective premises, she must have knowledge of the dangerous and unsafe condition there existing. *Shaddix* v. *Eberhart,* supra, (1). When the landlord is notified that the premises are out of repair, it becomes his duty to inspect and investigate in order that he may make such repairs as the safety of the tenant requires. It follows, therefore, that when after such notice the landlord fails within a reasonable time to make the repairs, he is chargeable with notice of all the defects that a proper inspection would have disclosed. To this extent he might be charged with liability for injury arising from a defect which was hidden so far as the tenant was concerned. *Stack* v. *Harris,* 111 *Ga.* 149, 151 (36 S. E. 615). A patent defect might not reveal a dangerous condition created by an existing

latent defect. *Garner* v. *LaMarr*, 88 *Ga. App.* 364 (1) (76 S. E. 2d 721). The mere fact that the steps were shaky in and of itself would not put the plaintiff on notice of the dangerous condition created by the latent defect. *Krapf* v. *Sternberg*, 48 *Ga. App.* 130, 131 (172 S. E. 69).

■ Special demurrer 1 attacks paragraph 2 of the petition on the ground that it was not alleged or shown on what date the alleged inspection was made. Special demurrer 2 attacks paragraph 3 on the grounds that the date and manner of the alleged notice to the defendant is not alleged. Both special demurrers are without merit. The plaintiff does not allege in paragraph 2 or 3 of her petition notice to the defendant and consequently these paragraphs were not subject to the criticism contained in the special demurrers directed against them; therefore, the court erred in sustaining these special demurrers.

■ Special demurrer 3 demurs to paragraph 8 of the petition on the ground that that paragraph did not allege the date on which the plaintiff gave notice of the patent defect to the defendant's agent and did not allege to whom such notice was given. This demurrer is meritorious. The defendant is entitled to know the date or approximate date such notice was given to his agent and since his agent was a corporation he is also entitled to know to which agent of the corporation such notice was given. The court did not err in sustaining this special demurrer.

The court erred in sustaining the general demurrer and special demurrers 1 and 2 to the petition and in dismissing the action.

The court did not err in sustaining special demurrer 3 directed toward paragraph 8 of the petition.

*Judgments affirmed in part and reversed in part. Quillian and Nichols, JJ., concur.*