40580. CANFIELD v. HOWARD.

FRANKUM, Judge. 1. Questions of negligence and of contributory negligence and of cause and proximate cause, and of what and whose negligence constitutes the proximate cause of an injury, are questions to be decided by a jury, and such questions should not be decided on demurrer except in plain, palpable and indisputable cases. *Shattles v. Blanchard*, 87 Ga. App. 15 (2) (73 SE2d 112).

2. When the landlord is notified by the tenant that the rented premises are out of repair, it becomes his duty to inspect the premises and investigate their condition in order that he may make such repairs as may be necessary for the safety of the tenant. *Dessau v. Achord*, 50 Ga. App. 426, 428 (178 SE 396); *Garner v. LaMarr*, 88 Ga. App. 364 (2) (76 SE2d 721). When a landlord is notified of defects in the premises, it is his duty to make such inspection and repair within a reasonable time after notice, and the question as to what constitutes a reasonable time is for a jury. *Aycock v. Houser*, 96 Ga. App. 99, 101 (99 SE2d 298).

3. When the landlord receives notice that a portion of the rented premises is defective, he is chargeable with notice of any defect in the condition of the premises which a reasonable inspection would have revealed, and his failure to exercise ordinary care in making repairs within a reasonable time after receiving notice renders him guilty of negligence for which he may be held liable to the tenant for injuries sustained as a result of a latent dangerous condition which such reasonable inspection would have revealed. *Wolbe v. Jossey*, 42 Ga. App. 612, 613 (2) (157 SE 233); *Shaddix v. Eberhart*, 55 Ga. App. 498, 499 (2) (190 SE 409); *Aycock v. Houser*, 96 Ga. App. 99, supra.

4. Where, as in this case, the petition alleges that the plaintiff-

tenant observed a defective condition in the rented premises, in that water leaked through the roof and ceiling of a porch on the rented premises each time it rained; that the tenant notified the defendant-landlord of this defective condition several times over a period of three or four months; that the landlord did nothing about remedying this condition, and that the defect was not apparently dangerous, in that the boards which formed the ceiling of the porch appeared to be sound when viewed from the underside, but that in fact the boards and joists to which they were nailed were rotted and decayed on the inside so that the nails which held the ceiling boards to the joists were unable to hold the weight of the ceiling boards, and that while plaintiff was sweeping the porch a portion of the ceiling and the boards thereof fell upon her head inflicting enumerated injuries, under the principles enunciated in the foregoing headnotes, the petition stated a cause of action, and the trial court did not err in overruling the general demurrer thereto.

5. Under the facts alleged in the petition, it cannot be said, as a matter of law, that the tenant failed to exercise ordinary care for her own safety in continuing the use of that portion of the premises alleged to have been defective, since her knowledge of the defect did not constitute knowledge of the danger attendant upon its use. Knowledge of a defect does not in and of itself constitute knowledge of danger inherent in the defect. Whether or not under the circumstances of this case the plaintiff was so contributorily negligent as to be barred would be a question for a jury to decide. *Johnson v. Collins,* 98 Ga. 271, 273 (26 SE 744); *Stack v. Harris,* 111 Ga. 149, 151 (36 SE 615); *Wolbe v. Jossey,* 42 Ga. App. 612 (1), supra; *Shaddix v. Eberhart,* 55 Ga. App. 498, supra; *Garner v. LaMarr,* 88 Ga. App. 364 (1), supra; *Aycock v. Houser,* 96 Ga. App. 99, supra.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*

DECIDED APRIL 9, 1964.

*Westmoreland, Hall & Pentecost, John L. Westmoreland, Jr., Robert H. Cleveland,* for plaintiff in error.

*D. Gerald Ricci, William I. Aynes,* contra.