71671. DUNOCO DEVELOPMENT CORPORATION et al. v. ED
TAYLOR CONSTRUCTION COMPANY.
(344 SE2d 531)

BENHAM, Judge.

Appellee Ed Taylor Construction Company filed suit against appellants Dunoco Development Corporation and Lonnie M. Dunn, Jr. In its complaint, appellee alleged that it and Dunoco had entered into two contracts wherein appellee agreed to furnish materials and labor for two real estate improvement projects on property owned by Dunoco. Appellee alleged that despite its full performance under the contract, its demands for payment had been refused. Alleging that it had fully complied with OCGA § 44-14-361.1, appellee also sought special liens against the real estate involved. A fifth count alleging unjust enrichment was filed against Dunn individually. In their answer, appellants alleged as special defenses their belief that appellee was not properly licensed to perform the work and that appellee had failed to submit the matter to arbitration as allegedly required by the contract. Appellants also denied that appellee had fully complied with OCGA § 44-14-361.1. Summary judgment was awarded appellee on the four contract claims, and it is from that grant and the concomitant entry of judgment that appellants bring this appeal. The count alleging unjust enrichment was rendered moot by the grant of summary judgment on the contract claims.

"If a prima facie showing is made that the moving party in summary judgment is entitled to judgment as a matter of law, the opposing party must come forward with rebuttal evidence at that time or suffer judgment against him. [Cit.]" *Spencer v. McCarley Moving &c. Co.*, 174 Ga. App. 525, 527 (330 SE2d 753) (1985). " '(W)hen a motion for summary judgment is made and supported by evidence outside the pleadings, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or otherwise, *must set forth specific facts* showing that there is a genuine issue for trial.' [Cit.]" *Thomasson v. Pineco, Inc.*, 173 Ga. App. 794, 795 (328 SE2d 410) (1985). At the summary judgment hearing, appellee presented unrefuted testimony by affidavit and deposition that it had completed its part of the contract. A copy of each of the two contracts involved was included in the record, as was the deposition testimony of appellants' agent, who agreed that the contracts embodied the entire agreement between the parties. Attached to the complaint were copies of the claims of lien appellee had filed against the property. In opposition to the motion, appellants presented a copy of a municipal ordinance requiring a permit for any construction project exceeding $250 and a motion contesting, under the best evidence rule, the sufficiency of appellee's copies of the claims of lien filed.

Appellee presented evidence showing a prima facie entitlement to

judgment, and appellants failed to present evidence to the contrary. "[A]lthough it is permissible to allege defenses in a conclusory format, where a plaintiff files . . . a motion for summary judgment, and evidence is offered on the issue, if the plaintiff establishes a prima facie right to summary judgment, a defendant may not rest upon conclusory allegations or defenses in his pleadings, but must come forward with facts showing a genuine issue remains for trial." *Bradley v. Tattnall Bank*, 170 Ga. App. 821, 826 (318 SE2d 657) (1984). Since appellee's prima facie entitlement to summary judgment was in no way refuted by evidence from appellants, the trial court did not err in granting summary judgment to appellee on the four counts involved and entering judgment thereon.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED APRIL 14, 1986.

*Max Olim, Richard H. Siegel*, for appellants.
*Corneill A. Stephens, Douglas D. Salyers*, for appellee.