### 75076. CONNER v. BRANCH et al.
(364 SE2d 890)

SOGNIER, Judge.

John Conner brought suit against John and Jean Branch alleging fraudulent misrepresentation in the sale of a condominium unit. He appeals from the trial court's grant of summary judgment in favor of the Branches.

A damp spot, caused by water leaking through the roof, appeared

on the ceiling of the condominium unit in question in late 1982. Appellees contacted the management company for the condominium complex, A. F. Winecoff & Company (Winecoff), which in turn contacted Action Roofing Company. After various measures were taken by Action Roofing, the damp spot dried up and did not grow moist after being tested, both by water hosed onto the roof and by natural rainshowers. A Winecoff employee repainted the ceiling after the testing in August 1983 and appellees sold the unit to appellant, the owner of another unit in the same complex, in late March 1984. Two and one half months later a damp spot appeared in the general vicinity of the earlier spot, requiring extensive outside repairs.

Appellant contends the trial court erred by granting summary judgment to appellees because genuine issues of material fact exist as to appellant's claim that he was defrauded by appellees' failure to disclose certain defects in the property. "Fraud, unlike negligence, breach of warranty or breach of contract, is premised upon the 'actual moral guilt' of the defrauding party. [Cit.] 'Mere concealment of [a material fact], unless done in such a manner as to deceive and mislead, will not support an action. In all cases of deceit, knowledge of the falsehood constitutes an essential element.' [OCGA § 51-6-2]. 'The element of intention to deceive is as necessary in an action based on concealment as one based on wilful misrepresentation. [Cit.] An action for fraud and deceit must [be based upon a] representation (or . . . concealment) [which] was made with the intention and purpose of deceiving the opposite party ([cit.]), and for the purpose of injuring him. [Cit.]' [Cit.] . . . ' "In order to recover in an action of deceit, it is indispensable that the *scienter* be . . . proved." ' [Cit.]" *Lively v. Garnick*, 160 Ga. App. 591, 592 (1) (287 SE2d 553) (1981). See also *Duenas v. Bence*, 174 Ga. App. 80 (329 SE2d 260) (1985).

Both appellees and the president of Winecoff stated in affidavits and depositions that they believed the ceiling had been completely and permanently repaired as of August 1983, prior to appellees' placing the condominium on the market and nine months before appellant purchased the unit. The evidence is uncontroverted that no incidents occurred to indicate the ceiling had not been completely repaired in the nine-month period before the sale or in the eleven-week period after the sale. Further, no inquiry was made by appellant or his agent about the condition of the ceiling and there is no evidence appellees actively avoided disclosing the facts of the repair to appellant or his agent.

Appellees made a prima facie showing that they were entitled to judgment as a matter of law, *Duenas*, supra, thereby shifting the burden to appellant to come forward with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue of material fact for trial. See generally *Dunoco Dev. Corp. v. Ed Taylor Constr.*,

178 Ga. App. 738 (344 SE2d 531) (1986). Appellant argues he carried this burden by submitting the affidavit of Tony Kown, an employee of Action Roofing, who averred that although he was not able to recall any specifics, he did inform the management of the condominium complex during general discussion that "because of the roof's age, additional leaks might occur at anytime [sic]. If this happened, I asked the Association to get in touch with me." Kown could not identify any individual with whom he spoke and both appellees and Winecoff's president denied conversing with Kown or being told by anyone else associated with Action Roofing that the roof of the condominium complex could leak at any time.

Appellant argues that Kown's affidavit constituted circumstantial evidence from which a jury could infer that appellees knew the ceiling problem had not been permanently remedied by the repairs taken in the summer of 1983, in that appellee John Branch was the president of the condominium complex's association during the time period in question and had admitted to having numerous conversations with the president of Winecoff, the management company, about the condition of the roof. However, "[i]n passing upon a motion for summary judgment, a finding of fact which may be inferred . . . but is not demanded by circumstantial evidence, has no probative value against positive and unrebutted evidence that no such facts as sought to be inferred do exist. [Cit.]" *Kenny v. M & M Supermarket*, 183 Ga. App. 225, 226 (358 SE2d 641) (1987). We do not agree with appellant that Kown's affidavit presents probative evidence from which a jury could infer a chain of unproven events such as to controvert appellees' statements that they had no actual knowledge of the alleged concealed fact. Since it is an essential element in a fraudulent concealment action that the allegedly defrauded party prove that the alleged defrauder had actual knowledge of the fact concealed, *Lively*, supra at 593, appellant's failure to controvert appellees' evidence that they had no such actual knowledge entitled appellees to summary judgment as a matter of law. *Duenas*, supra at 82 (1).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 5, 1988 —
REHEARING DENIED JANUARY 19, 1988 — 

*Harmon W. Caldwell, Jr., Harry W. MacDougald*, for appellant.
*Kenneth I. Sokolov*, for appellees.