Alfredo DIRICO, d/b/a Center Motor Sales, Defendant–Appellant,

v.

FUQUA CHRYSLER–PLYMOUTH, INC., Plaintiff–Appellee.

No. 25A03–8910–CV–462.

Court of Appeals of Indiana, Third District.

Nov. 19, 1990.

---

Stephen R. Snyder, Beckman, Lawson, Sandler, Snyder & Federoff, Syracuse, for defendant-appellant.

Donn H. Wray, Stewart & Irwin, Indianapolis, for plaintiff-appellee.

GARRARD, Judge.

This appeal concerns a claim for breach of express warranty in the sale of a used automobile. Fuqua Chrysler–Plymouth, Inc. (Fuqua) purchased a 1978 Chevrolet Impala (the car) through the Fort Wayne Auto Auction from Alfred Dirico, d/b/a Center Motor Sales (Dirico) in July, 1983. Fuqua sold the car to a retail purchaser and was subsequently sued in federal court by that purchaser pursuant to 15 U.S.C. § 1989 because the car had more than 128,-000 miles on it when purchased rather than the 50,864 shown on the odometer. That action resulted in a judgment against Fuqua and it brought this suit against Dirico. After a bench trial the court entered judgment in favor of Fuqua and Dirico appeals.

Fuqua emphasized in the trial court and has reiterated on appeal that its claim is based strictly on the theory of breach of an express warranty under the Indiana Uniform Commercial Code. Only one witness, Lowell Fuqua, testified at trial and he was not cross examined. It is Fuqua's contention that the odometer mileage statement delivered to him by Dirico when the car was purchased created an express warranty that was breached when the mileage reported on the statement proved incorrect. No evidence was introduced of any separate statements made by Dirico and there was no evidence that Dirico knew, or should have known, that the odometer information was incorrect.

IC 26–1–2–313 governs the creation of express warranties. It provides:

(1) Express warranties by the seller are created as follows:

(a) any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

(b) any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

(c) any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

(2) It is not necessary to the creation of an express warranty that the seller use formal words such as 'warrant' or 'guarantee' or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.

No one disputes that the number of miles a car has been previously driven is a significant factor in establishing the desirability of and selling price for a used car. It normally becomes a part of the basis for the bargain. The issue before us is whether Dirico warranted the mileage on the car in question. In order to do so under IC 26–1–2–313 he must have made an affirmation of fact, a promise or have described the car as having only 50,864 miles on it. The only evidence from which such an affirmation, promise or description could be found is the odometer statement furnished by Dirico as required by 15 U.S.C. § 1988(a) and 49 C.F.R. 580.[1] This form, which was introduced as "Plaintiff Exhibit # 2" stated that the odometer on the car then read 50,864 miles/kilometers. That statement was then followed by two sets of statements each containing three choices together with a direction that only one box should be checked in each of the sets. In the first set, Dirico checked the following statement: "I hereby certify to the best of my knowledge the odometer reading as stated above reflects the actual mileage of

---

1. In the earlier federal suit against Fuqua it was apparently admitted that Fuqua expressly represented to its purchaser that the odometer reading was correct.

the vehicle described below." In the second set, Dirico checked "I hereby certify that the odometer of said vehicle was not altered, set back, or disconnected while in my possession, and I have no knowledge of anyone else doing so."

The second response is clearly an affirmation of fact. However, no contention has been made that the second certification was untrue, nor is there any evidence to that effect. Thus, Fuqua's warranty claim is dependent upon the first certification.

As a matter of law that certification was inadequate to create an express warranty because it clearly and unequivocally was limited to setting forth the seller's state of mind, *i.e.*, "to the best of my knowledge." It neither affirmed as a fact that the mileage recorded on the odometer was correct nor did it promise that it was. To the extent that it may be said to have described the goods, the description was merely that of a vehicle which *to the best of the seller's knowledge* had an odometer that reflected the actual mileage. No one has disputed that when Dirico sold the car and delivered the statement he did so in good faith. It follows that there was no express warranty concerning actual mileage and the judgment may not stand.

Because we have determined that there was no express warranty, we need not reach any of the other questions presented by the parties.

Reversed and remanded with instructions to enter judgment for the defendant.

STATON and BAKER, JJ., concur.