A91A0461. CHARLES EVANS NISSAN, INC. v. TRUSSELL FORD-MAZDA, INC.
(408 SE2d 419)

POPE, Judge.

This appeal arises from a claim for breach of express warranty in the sale of a used automobile. Both parties are automobile dealerships. On June 14, 1986, defendant/appellant Charles Evans Nissan, Inc. d/b/a Charles Evans, Inc. purchased a 1985 Ford Crown Victoria automobile from K & W Auto Sales in LaGrange, Georgia. Defendant paid $7,000 for the automobile. At the time the defendant purchased the automobile, it received an odometer mileage statement signed by Kyle Watson of K & W Auto Sales certifying that the mileage on the automobile was 36,135 miles. The undisputed evidence shows that when this automobile was purchased by defendant, it was inspected by the person responsible for buying used cars for the defendant and found to be in a condition consistent with the mileage certified on the

odometer statement defendant received from Watson.

Plaintiff/appellee Trussell Ford-Mazda, Inc., then purchased the same automobile from the defendant for the amount of $7,500. At the time of the sale, defendant gave to plaintiff a document titled "Affidavit/Sale of Motor Vehicle." The affidavit contained a statement in which the defendant certified "to the best of [its] knowledge that the odometer reading is 36,139 and reflects the actual mileage of the vehicle. . . ." The automobile was inspected by plaintiff's used car manager and found to be in a condition consistent with the mileage statement contained in the affidavit received from the defendant.

On March 13, 1987, plaintiff sold the automobile to a third party. When plaintiff attempted to register and title the automobile for the third party, plaintiff was notified by the Georgia Department of Revenue that the title to the automobile had been altered and that further certification of the odometer was necessary. On or about July 14, 1987, plaintiff received a photocopy of an odometer statement from a prior owner of the automobile reflecting that at the time it sold the automobile in May of 1986, the odometer reading was 85,862. When plaintiff notified the third party of the discrepancy, the third party demanded the return of all monies. The plaintiff returned all monies to the third party and filed a two-count complaint against the defendant.

The first count of the complaint alleged breach of warranty and the second count a violation of the Georgia Odometer Act. On May 10, 1990, the defendant filed a Motion for Summary Judgment on both counts of the complaint. On June 14, 1990, plaintiff amended the complaint to dismiss the count concerning the Georgia Odometer Act and substituted a claim for rescission of the contract for the sale of the automobile. On that same day, plaintiff filed a Cross-Motion for Partial Summary Judgment on the rescission count. On July 19, 1990, the plaintiff filed a Cross-Motion for Partial Summary Judgment on the breach of warranty count. On July 30, 1990, the defendant filed a Motion for Summary Judgment on the rescission count. The trial court granted the defendant's motion for summary judgment on the rescission count and granted the plaintiff's motion for summary judgment on the breach of warranty count. The defendant appeals the trial court's ruling that the plaintiff is entitled to judgment as a matter of law on its breach of warranty claim against the defendant.

The plaintiff's warranty claim is based strictly on the defendant's alleged breach of an express warranty concerning the mileage of the automobile contained in the affidavit received by the plaintiff from the defendant. With regard to this claim, there were no disputed questions of material fact and the trial court was required only to interpret the provisions of the affidavit. Express warranties under the

Uniform Commercial Code of Georgia are governed by OCGA § 11-2-313. That statute provides in pertinent part: "(1) Express warranties by the seller are created as follows: (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise. (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." (Indentions omitted.)

It is undisputed that the number of miles on a used automobile generally becomes a part of the basis of the bargain when the automobile is sold. In order for the defendant to have created an express warranty regarding the number of miles on the automobile, pursuant to OCGA § 11-2-313 (1), however, it would have had to make an affirmation of fact, promise or described the automobile as having only 36,139 miles. The only evidence that the plaintiff offers that the defendant made such an affirmation, promise or description is the statement concerning the odometer contained in the affidavit. The defendant's statement concerning the odometer reading is qualified by the language "to the best of my knowledge." In that statement the defendant neither affirmed, promised or described the true mileage of the automobile as being 36,139, but merely stated *to the best of the seller's knowledge* the odometer reflected the true mileage. Furthermore, the undisputed evidence shows that when the defendant sold the plaintiff the car and delivered the affidavit that the defendant had no reason to believe that the actual mileage of the automobile was different than the mileage reflected on the odometer. Plaintiff's sole contention in its warranty claim is that the defendant's statement concerning the odometer contained in the affidavit was not accurate. The defendant did not breach any express warranty concerning the actual mileage of the automobile, however, because at the time it made the statement contained in the affidavit it had no knowledge or any reason to believe that the true mileage differed from the mileage shown on the odometer. For that reason, the judgment of the trial court granting the plaintiff summary judgment on the breach of warranty count must be reversed. See *Troutt v. Nash AMC/Jeep*, 157 Ga. App. 399 (1) (278 SE2d 54) (1981); accord *Dirico v. Fuqua Chrysler-Plymouth*, 562 NE2d 756 (Ind. App. 3d Dist. 1990).

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MAY 30, 1991 —
RECONSIDERATION DENIED JULY 12, 1991 —

*Lane, O'Brien & Coburn, Richard L. Ormand, Lance & Associ-*

ates, *Forrest J. Lance, D. Suzanne Moon*, for appellant.
*Winburn, Lewis & Barrow, Gene Mac Winburn, John J. Barrow*, for appellee.