A91A0243. BRANDYWINE TOWNHOUSES, INC. v. MORRISON.
A91A0436. WEEMS v. BRANDYWINE TOWNHOUSES, INC.
(408 SE2d 422)

POPE, Judge.

Plaintiffs Robin Weems and Gitonia V. Morrison were tenants of apartments owned by defendant Brandywine Townhouses, Inc. On Sunday, December 6, 1987, Morrison took a bath in the bathroom of her apartment that was located directly above the kitchen. When she went downstairs to the kitchen, she found a large puddle of water on her kitchen floor and noticed that the globe of the kitchen light fixture contained water. She removed the water from her floor that evening. The next morning she called the office of the resident manager and told the person that answered the phone[1] that she "had a leak from [her] bathroom and . . . water in [her] globe, and . . . to have Al come around to the house and check it out to get the water out of the globe." The undisputed evidence shows that maintenance personnel went to Morrison's apartment on December 7, 1987, with a work order that read "bathroom leaking — check both." The maintenance personnel left a copy of their work order in Morrison's apartment with the notation that they did not find any leaks and to call again between 9:00 and 4:00.

When Morrison returned home she turned on the kitchen light and discovered that the water was still in the globe of her kitchen light fixture. Weems, a friend of Morrison, called shortly after Morrison arrived home from work and Morrison told her that water was in

---

[1] While there is some dispute concerning whether Morrison spoke to a person in the resident manager's office or left a message on an answering machine, this is not a material fact that would effect whether the trial court properly ruled on defendant's motions for summary judgment.

the globe of her kitchen light fixture. Weems told Morrison that the same thing had happened in her apartment before, she knew how to remove the water, and that she would help Morrison remove the water.

After Weems arrived at Morrison's apartment, Weems stood on a table so she would be high enough to reach the light fixture. Morrison held Weems' legs to steady her. Without turning off the kitchen light, Weems held the globe with one hand and unscrewed the screws securing the fixture with the other hand. Neither Morrison nor Weems knows exactly what happened, but it is known that hot water from the globe spilled on both Morrison and Weems causing them to suffer second degree burns and that the globe fell and broke on the kitchen floor.

Both Morrison and Weems brought actions against defendant for their injuries. Defendant moved for summary judgment in both cases. The trial court consolidated the cases for purposes of deciding the summary judgment motions. The trial court denied the defendant's motion against Morrison, but granted the defendant's motion against Weems. Weems appeals the trial court's grant of summary judgment against her. The defendant filed an interlocutory appeal from the trial court's denial of summary judgment against Morrison. This court granted the defendant's motion for interlocutory appeal and consolidated the cases for review.

### Case No. A91A0243

1. Defendant contends that the trial court erred in denying its motion for summary judgment as to Morrison because Morrison had superior knowledge of the defect causing her injury and she assumed the risk of her injury. We find these enumerations to be without merit.

"[O]n motion for summary judgment the evidence must be construed most strongly against the movant and the party opposing the motion is entitled to all inferences which may fairly and reasonably be drawn in support of his case." *Lindsey v. Housing Auth. of Atlanta*, 181 Ga. App. 814, 815 (354 SE2d 13) (1987). Construing the evidence in the light most favorable to Morrison, Morrison reported two patent defects to the defendant. Although there is some dispute concerning whether the defendant was made aware by Morrison that there was water in the globe of her kitchen light fixture, the landlord indisputably had notice that Morrison's bathroom was leaking. A reasonable inspection of a leaking bathroom should have included examination of the area underneath the bathroom, the kitchen ceiling. If defendant had examined the kitchen ceiling, the patent defect of water in the kitchen light fixture globe would have been revealed. The

only evidence presented to the trial court showed that the hazards associated with the water in the globe of the light fixture heating to a temperature that would cause second degree burns while the fixture was in use were not open and obvious.[2] When a landlord is put on notice of a patent defect, he is also charged with knowledge of any latent dangerous condition that a reasonable inspection would have revealed. If he does not make any necessary repairs within a reasonable time, he can be held liable for any injuries resulting from the dangerous condition. *Carmack v. Oglethorpe Co.*, 114 Ga. App. 512, 516 (151 SE2d 799) (1966), rev'd on other grounds, 223 Ga. 128 (153 SE2d 541) (1967); *Canfield v. Howard*, 109 Ga. App. 566 (3) (136 SE2d 431) (1964). Questions concerning whether a reasonable inspection would have revealed the latent dangerous condition associated with water in the globe of Morrison's kitchen light fixture, whether the landlord had been given a reasonable time to make repairs, and whether Morrison was either contributorily negligent or had assumed the risk of her injuries are all questions that should properly be submitted to a jury in this case. "Issues of negligence, including the related issues of assumption of the risk, lack of ordinary care for one's own safety, lack of ordinary care in avoiding the consequences of another's negligence and comparative negligence, are ordinarily not susceptible of summary adjudication whether for or against the plaintiff or the defendant, but must be resolved by a trial in the ordinary manner." (Emphasis omitted.) *Thompson v. Crownover*, 259 Ga. 126, 129 (5) (381 SE2d 283) (1989), quoting *Wakefield v. A. R. Winter Co.*, 121 Ga. App. 259 (174 SE2d 178) (1970). We find no error in the trial court's denial of defendant's motion for summary judgment.

### Case No. A91A0436

2. Weems contends that the trial court erroneously found that as a matter of law she assumed the risk of her injury. We must agree.

The law in Georgia is clear that the rights of an invitee "to have the landlord [of the premises] exercise due care for their safety is derived from the right of the tenant to have the landlord exercise such care toward him. They 'stand in his shoes.'" *Yates v. Crumbley*, 116 Ga. App. 366, 368 (157 SE2d 295) (1967). For the same reasons that the trial court properly denied defendant's motion for summary judgment against Morrison, the trial court should have denied the defend-

---

[2] The obvious danger associated with removing water from an area in which there is a live electrical current is electrocution. There is no evidence, however, that an electrical short or shock contributed to or caused any of Morrison's or Weems' injuries. In fact, both Morrison and Weems submitted the affidavit of an expert who opined that under the conditions existing at the time Weems removed the globe of the kitchen light fixture, there was no danger that Weems would have been shocked.

ant's motion for summary judgment against Weems. "Assumption of the risk is a complete defense and arises when, even if defendant is negligent, plaintiff himself is negligent in such a way that his own negligence is the sole proximate cause." *Menendez v. Jewett*, 196 Ga. App. 565, 566 (1) (396 SE2d 294) (1990). Although a jury may find that Weems' negligence was the sole proximate cause of her injuries, because the defendant may be charged with knowledge of the latent dangerous condition of the water heating in the globe, a jury could find that defendant was also negligent and defendant's negligence contributed to Weems' injuries. "[W]hether or not [a landlord] breached his duty of care to invitees, and whether an invitee exercised reasonable care for her own safety are normally for a jury. . . ." *Pound v. Augusta Nat., Inc.*, 158 Ga. App. 166, 167 (279 SE2d 342) (1981). For that reason, we must reverse the trial court's grant of summary judgment for defendant against Weems.

*Judgment affirmed in Case No. A91A0243. Judgment reversed in Case No. A91A0436. Cooper, J., concurs. Birdsong, P. J., concurs in judgments only.*

DECIDED JUNE 11, 1991 —
RECONSIDERATION DENIED JULY 12, 1991 — 

*William D. Temple, Sr.*, for Brandywine.
*Dietrick, Evans, Scholz & Williams, Paul A. Dietrick*, for Morrison & Weems.