## A92A2151. BELCHER et al. v. JAMES et al.
(429 SE2d 165)

BIRDSONG, Presiding Judge.

Appellants Belcher appeal the grant of summary judgment to defendants Ernest and Terri James, in this suit following the drowning of plaintiffs' decedent, James Belcher, in the James' swimming pool. The material facts are that when Mr. James came home from work, he found Mr. Belcher and three children swimming in his pool; he asked Mr. Belcher who was watching the children and Mr. Belcher, who was swimming in the deep end, replied that he was watching the children. James said, "I will be right back," and went inside to change shoes. After James went inside, Mr. Belcher began swimming underwater but stayed under too long; the boys got worried and called James. Mr. James came out but did not enter the pool. A visiting teen-aged boy went in the pool and retrieved Mr. Belcher.

Appellants contend James was responsible for what happened in the pool, including Mr. Belcher's drowning, because James testified he thought he was "responsible" for the pool and because a booklet provided by the pool manufacturer warned that one person must assume "primary responsibility" for supervising the pool. Appellants also contend Mr. Belcher was an invitee to whom James owed the highest duty of care. *Held*:

1. Appellees' motion to dismiss is denied. The matter of payment of costs below for depositions or other material not transmitted to this court appears in this case to be a billing dispute best settled by those affected, and we shall not decline to hear the merits of the appeal on the basis thereof, this being a matter of our discretion under OCGA § 5-6-48 (c), and dismissal of appeal being generally appropriate only when an appellant's failure to pay costs was material, unreasonable, and inexcusable, which we do not find. See, e.g., *Jones v. State*, 123 Ga. App. 672 (182 SE2d 190).

2. Construing the evidence most strongly against the Jameses, as movants, and in favor of appellants, as respondents to motion for summary judgment (*Brandywine Townhouses v. Morrison*, 200 Ga. App. 425, 426 (408 SE2d 422)), we assume Mr. Belcher was in the pool by invitation and was not a mere licensee but was an invitee in a relation of mutual benefit to the parties. It is established in Georgia that "[a] landowner is not an insurer of the safety of children, even if he chooses to build a swimming pool." *Gregory v. Johnson*, 249 Ga. 151, 155 (289 SE2d 232). "The duty imposed is to exercise reasonable care to prevent *foreseeable* injury, not to protect against any injury." Id. This is more so true where the party harmed was an adult under no apparent disability. We have said the owner of a residential pool owes social guests as licensees a duty to not wilfully or wantonly injure them (*Walker v. Daniels*, 200 Ga. App. 150, 154 (407 SE2d 70));

and we have also held that the proprietor of property owes an invitee the duty of ordinary care (*Walker*, supra); and owners of *non*residential pools owe "an affirmative duty to exercise ordinary and reasonable care for the safety and protection of invitees swimming in the pool." Id. at 155.

Assuming appellees owed Mr. Belcher the highest applicable duty of care (ordinary care, id.), nevertheless, they were not insurers of his safety. *Gregory*, supra. Neither the pool manufacturer's booklet nor James' own belief that he was "responsible" for the pool made him an insurer of Mr. Belcher's safety. There is no evidence James breached the duty of ordinary care in any manner; it is merely insisted that James owed the duty of extraordinary care to Mr. Belcher and that he should not have left Mr. Belcher unattended. However, the duty of extraordinary care generally applies in cases of known defect or danger or known propensity to injure, or to wilful or wanton injury. See OCGA §§ 51-3-2; 51-1-3. Mr. Belcher was an adult. Even assuming Mr. Belcher was not a good swimmer, no reason appears that James should have known it, as Mr. Belcher was swimming in the deep end of the pool when they spoke. No reason appeared that Mr. Belcher could not exercise ordinary care for his own safety or was in any danger or disability. There is no evidence of a dangerous condition which caused Mr. Belcher's drowning. As to the claim that the Jameses negligently failed to post notice of "rules," there is no evidence that had they done so Mr. Belcher would not have drowned, and there is no evidence Mr. Belcher violated any supposed rule. There is no evidence that anything the Jameses did or did not do caused Mr. Belcher's unfortunate drowning.

Appellants' case is based on the argument that even though Mr. Belcher was an adult, James was required by law or by the circumstances to watch over Mr. Belcher, as it is "foreseeable" that all persons who swim may drown. This argument places an impossible burden on owners of pools and would render them insurers of a person's safety in their pools, contrary to the law stated in *Gregory*, supra.

3. As to appellants' assertion that summary judgment was premature, OCGA § 9-11-56 (a) provides that "at any time after the expiration of 30 days from the commencement of the action . . . [a party may] move [for summary judgment]"; if the pleadings and evidence on file show entitlement to judgment, it shall be granted forthwith. Id. at (c). In response to appellees' motion, it was appellants' burden to provide evidence showing that issues remained for trial and that appellees had no right to a judgment. See *Owen v. M & M Metro Supply*, 198 Ga. App. 420, 422 (401 SE2d 612). Appellants may not speculate that further discovery might unearth evidence disentitling appellees to judgment; otherwise there would be no end to litigation.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 12, 1993.

*Howard Beer,* for appellants.
*Sharon W. Ware & Associates, James F. Cook, Jr.,* for appellees.