A99A1390. MASINTER v. SALEM ROAD ASSOCIATES, L.L.C. et al.

(522 SE2d 562)

ELLINGTON, Judge.

Michael Masinter contracted to buy a strip shopping center from Salem Road Associates, L.L.C. In the contract, Salem represented "to Seller's knowledge without special inquiry or investigation" that, among other things, the rent roll attached to the contract accurately set forth all tenants presently in possession of the property and that use of all premises complied with all applicable laws and regulations. Masinter terminated the contract on grounds that the representations were false because the lease for one of the tenants, a dry cleaning business, had been "de facto" assigned (alleging someone else occupied the space) and that another tenant was selling alcoholic beverages in violation of unspecified local ordinances. Masinter also sued for breach of contract on these grounds, naming Salem and its limited liability company members as defendants.

Salem and its members moved to dismiss the complaint, which was later converted to a motion for summary judgment. They submitted the affidavit of Salem's general manager, who unequivocally denied that Salem had any knowledge that the dry cleaning tenant had allegedly assigned its lease or that any establishment other than "Pro Cleaners" (as shown on the rent roll) had ever occupied the site and further denied that Salem was aware of any ordinance or regulatory violations by the liquor store. A copy of the local liquor ordinance, which did not appear to be violated, accompanied Salem's pleadings. Salem also submitted the affidavit of the dry cleaning tenant who asserted without contradiction that he had not assigned his lease until a year after Masinter had terminated the contract. The liquor store tenant provided an affidavit stating that the store possessed a proper liquor license and had never been cited for violating any ordinance or law.

In response, Masinter submitted a memo from an agent for Salem attempting to address Masinter's concerns (raised one month after the contract's execution). The memo stated that if Masinter desired, Salem would ensure that the dry cleaning lease was assigned and that the liquor store tenant's partner would co-sign and guarantee the lease. In his pleadings Masinter did not specify the alleged violation of the local ordinance. Based on this evidence, the

court entered summary judgment in Salem's favor, which Masinter appeals.

Defendants having challenged the lack of evidence of breach of contract, Masinter was obliged to present evidence demonstrating the alleged breaches or else face summary judgment. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). The alleged breaches hinged on presenting evidence that the following statement was false: "to [Salem's] knowledge without special inquiry or investigation" Pro Cleaners was the tenant at the dry cleaning property and the use of the liquor store was in compliance with law. Salem presented affidavits showing it knew nothing of any alleged assignment of the dry cleaner's lease or of any violations of law by the liquor store. These affidavits further state that the dry cleaner's lease was not assigned until a year after Masinter's termination of the contract and that Pro Cleaners had continuously occupied the space. Masinter, however, presented no evidence that Salem, at the time it made these representations, had knowledge of anything to the contrary. The agent's memo did not controvert Salem's affidavits.

Controlling is *Charles Evans Nissan v. Trussell Ford-Mazda*, 200 Ga. App. 432, 434 (408 SE2d 419) (1991), in which the plaintiff's warranty claim was based on defendant/seller's alleged breach of a representation that *"to the best of seller's knowledge"* the odometer reflected the true mileage of the vehicle being sold. (Emphasis in original.) Because the evidence showed the defendant had no reason to believe the true mileage differed from the mileage shown on the odometer, we affirmed summary judgment in favor of the defendant. Similarly, because the evidence here showed Salem had no reason to believe that Pro Cleaners was not the tenant in possession or that the liquor store was in violation of any law, we affirm the court's granting of summary judgment to Salem and its members.

No breach having been shown, arguments regarding piercing the veil to make the limited liability company members personally liable are moot. We deny Salem's motion for frivolous appeal.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 15, 1999 —
RECONSIDERATION DENIED OCTOBER 25, 1999.

*Thomas R. Todd, Jr.*, for appellant.

*Weinstock & Scavo, Michael Weinstock, Adam M. Gleklen, Susan B. Jacobs*, for appellees.