## A00A0126. HOFFMAN v. FLETCHER et al.
### (535 SE2d 849)

POPE, Presiding Judge.

On November 14, 1997, Jennifer Hoffman signed an agreement to purchase a home from Wendy and Andrew Fletcher. ReMax Associates of Athens acted as dual agent in the transaction, with agent Susan Mosley representing the Fletchers and another ReMax agent representing Hoffman. Hoffman filed suit against the Fletchers, Mosley and ReMax after the septic tank for her newly acquired home overflowed.

In conjunction with the transaction, the Fletchers signed a "Seller's Property Disclosure Statement." The Fletchers checked a "yes" box on the statement indicating that they were "aware of past or present drainage or flooding problems" with the property. Their handwritten explanation of this response stated, "Oconee County Road Department is in the process of re-doing the drainage pipe in the neighborhood which happen [sic] to lie in our front yard. This is expected to be completed in October, so I am told." On another portion of the form, however, the Fletchers indicated that they had no knowledge of "any past or present leaks, backups, or other similar problems relating to any of the plumbing, water and/or sewage related items." The disclosure statement was incorporated into the parties' purchase agreement. And as a part of that agreement, the Fletchers warranted that to the best of their knowledge and belief the information in the disclosure statement was "accurate and complete" as of the date of the contract.

The purchase agreement also provided that the Fletchers were to provide "a septic tank letter and information from [the] county that any sewer problem on [the] street has been satisfactorily taken care of." Prior to closing, the Fletchers furnished Hoffman's agent with a letter from the Oconee County Health Department certifying that a visual inspection gave no indication of any obvious existing problem. A handwritten note on the letter stated: "Several years ago, this system had some effluent coming to the top of the ground. This is now working properly since the subsurface drain located on the property line was uncovered and given an outlet through a new culvert installed under the road." In addition, Hoffman hired her own home inspector, who found no problems relating to the drainage of the property or the septic tank.

The transaction closed on December 12, 1997, and within two

months, sewage began seeping out of the septic tank on Hoffman's property. On February 19, 1998, the Oconee County Health Department advised Hoffman in writing that the conditions at her home violated county health ordinances and ordered her to correct the situation within 30 days. Hoffman testified in her deposition that in a subsequent conversation, Wendy Fletcher acknowledged that they had had problems with the septic tank for years.

Hoffman's complaint alleged claims for breach of warranty, fraud and intentional infliction of emotional pain. The trial court granted summary judgment to defendants on all claims, and Hoffman appeals. We affirm.

On appeal from a grant of summary judgment, this Court conducts a de novo review of the record, construing the evidence and all inferences therefrom in favor of the nonmoving party. *Maddox v. Southern Engineering Co.*, 231 Ga. App. 802, 803 (500 SE2d 591) (1998). To succeed on summary judgment, the moving party must demonstrate:

> that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial.

*Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

1. Hoffman argues that the trial court erred in granting summary judgment to the Fletchers on the breach of warranty claim. She argues that evidence creates a jury issue as to whether the Fletchers breached the warranty in the purchase agreement that the seller's disclosure statement was accurate and complete.

The Fletchers stated in their disclosure statement that they were aware of past drainage problems and noted that the county was scheduled to do work on the drainage system to correct the situation. In response to this disclosure, Hoffman requested a septic tank letter and a representation from the county that any sewage problems had been corrected. The county's letter disclosed that the earlier problems included "effluent coming to the top of the ground." The letter went on to state that the sewer system was "now working properly" due to repairs by the county. The county's letter, therefore, affirmed the representations made by the Fletchers in their disclosure statement concerning the state of the drainage system. Although the Fletchers did provide a negative response when asked if they were aware of "any past or present leaks, backups, or other similar problems relating to any of the plumbing, water and/or sewage related

items," their response to the prior question was sufficient to disclose that prior drainage problems existed and to put Hoffman on notice of such conditions.

Although the property may have experienced numerous problems in the past, there is no evidence indicating that the problem that occurred in February 1998 stemmed from any hidden defect on the property or anything other than drainage problems noted in the disclosure statement and the county's letter. And the county represented that those problems had been remedied at the time of closing. Accordingly, there is no evidence to indicate that the Fletchers' representations were not accurate and complete to the best of their "knowledge and belief," and the trial court properly granted summary judgment on the breach of warranty claim. See *Masinter v. Salem Road Assoc.*, 240 Ga. App. 522, 523 (522 SE2d 562) (1999).

2. Hoffman also contends that it was error to grant summary judgment on her fraud claims against the Fletchers and Mosley. Fraud in real estate transactions can occur in several ways:

> [F]raud in the sale of real estate may be predicated upon a wilful misrepresentation, i.e., the seller tells a lie; upon active concealment where the seller does not discuss the defect but takes steps to prevent its discovery by the purchaser; and thirdly a passive concealment where the seller does nothing to prevent the discovery but simply keeps quiet about a defect which[,] though not readily discernible, is known to the seller.

(Punctuation omitted.) *Smalls v. Blueprint Dev.*, 230 Ga. App. 556, 557 (1) (497 SE2d 54) (1998).

Here, Hoffman is asserting that the Fletchers and Mosley passively concealed the extent and nature of the drainage problems on the property. She relies upon an established exception to the general rule of caveat emptor which "places upon the seller or agent a duty to disclose in situations where he or she has special knowledge not apparent to the buyer and is aware that the buyer is acting under a misapprehension as to facts which would be important to the buyer and would probably affect its decision." (Citation and punctuation omitted.) *Deckert v. Foster*, 230 Ga. App. 164 (495 SE2d 656) (1998).

As discussed in Division 1, the disclosure statement and letter from the county put Hoffman on notice of prior drainage problems on the property. The county represented that the drainage problems had been corrected, and the Fletchers and Mosley relied upon that representation. There is no evidence that the Fletchers experienced any further problems between the time the corrections were made and closing. In fact, Hoffman noticed no problems with the drainage after

she moved onto the property until the county contacted her in February 1998.

Hoffman received notice of the prior drainage problems and the repairs to those problems. It was not necessary for the Fletchers to detail in their disclosure statement all their prior problems where it appeared the problems had been repaired. See *Deckert v. Foster*, 230 Ga. App. at 165; *Conner v. Branch*, 185 Ga. App. 565, 566 (364 SE2d 890) (1988). There is no evidence to suggest that the Fletchers or Mosley had any knowledge that repairs had been ineffectual, and, thus, they did not knowingly conceal any defects from Hoffman. The trial court, therefore, properly granted the motions for summary judgment on the fraud claim. Id. Compare *Akins v. Couch*, 271 Ga. 276 (518 SE2d 674) (1999).

3. Hoffman next argues that the trial court could not rule on Mosley's motion for summary judgment until it had resolved her claim that venue was improper. Pretermitting the issue of whether Hoffman can assert this issue, we find no error. In her answer to Hoffman's complaint, Mosley asserted as an affirmative defense that venue "may not be proper as to Mosley in this court." But Mosley did not reassert that defense in her motion for summary judgment, and she concedes that she has waived it. A party may waive the defense of improper venue by his conduct during the course of litigation or by failing to elicit a ruling on the venue issue before entry of judgment. *Williams v. Willis*, 204 Ga. App. 328, 329 (419 SE2d 139) (1992). Therefore, we find that Mosley waived her venue defense and the trial court's ruling on her motion for summary judgment was not premature. Compare *Hight v. Blankenship*, 199 Ga. App. 744 (406 SE2d 241) (1991) (ruling on merits premature where defendant reasserted issue of venue in seeking summary judgment).

4. Hoffman also argues that the trial court's ruling was premature because discovery was not yet complete. On January 26, 1999, all parties filed a joint motion to extend discovery to allow the parties to resolve an ongoing dispute regarding Hoffman's psychiatric records. The Fletchers filed their motion for summary judgment the next day, and Mosley filed her motion after the court entered an order extending the discovery period.

"[I]t is not unusual for discovery to be ongoing at the time that summary judgment motions are filed and/or ruled upon." *Corry v. Robinson*, 207 Ga. App. 167, 170 (3) (427 SE2d 507) (1993). A motion for summary judgment may be properly filed at any time after the expiration of 30 days from the commencement of the action. OCGA § 9-11-56 (a). The motions in this case were filed long after the 30-day deadline. Moreover, there is no evidence that Hoffman was waiting on any additional discovery; she sought no discovery after the discovery period was extended. Nor did she file any request that the

trial court defer its ruling until discovery was completed. Under these circumstances, the trial court's ruling was not premature. *Belcher v. James*, 207 Ga. App. 796, 797 (3) (429 SE2d 165) (1993).

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED JUNE 20, 2000.

*Finch & Finch, Walter R. Finch III*, for appellant.

*Nelson, Mullins, Riley & Scarborough, Scott P. Hilsen, James C. Warnes II*, for appellees.